**ST. LOUIS HOUSING AUTHORITY, a Municipal Corporation, Appellant,**

v.

**Nicholas MAGAFAS and Rose Magafas, Respondents.**

No. 47116.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

**698**

James E. Crowe, John J. Shanahan, James J. Gallagher, St. Louis, for appellant, St. Louis Housing Authority.

Jesse E. Bishop, St. Louis, for respondents.

HOLMAN, Commissioner.

In this condemnation case the commissioners awarded defendants the sum of $26,500 as damages for the appropriation of certain improved real estate located in the City of St. Louis. Defendants filed exceptions, and a subsequent trial before the court resulted in a finding that defendants were entitled to recover damages in the sum of $33,848, together with interest at the rate of 6%, from the date of appropriation to the date of judgment, upon the sum of $7,348, the amount by which the circuit court award exceeded the allowance of the commissioners. The interest allowed amounted to $1,819.03 and the court accordingly entered a total judgment for defendants in the sum of $35,-666.03, from which plaintiff has duly appealed.

In this court plaintiff contends (1) that the trial court erred in allowing the aforementioned item of interest, and (2)

that there was no competent evidence to support an award of more than $25,162 and hence the judgment is excessive in the sum of at least $10,504.03. We have appellate jurisdiction since the amount in dispute exceeds the sum of $7,500. Article V, Section 3, Constitution of Missouri, 1945, V.A.M.S.

■ We will first consider the contention that the court erred in allowing interest upon the amount by which the circuit court award exceeded that of the commissioners from February 19, 1954 (the agreed date of appropriation) to the date of the circuit court judgment. "In the great majority of the jurisdictions interest is allowed as part of the damages or compensation to which one whose property has been taken under the power of eminent domain is entitled as part of the just compensation required by the Constitution." Annotation, 96 A.L.R. 150. "Generally, in condemnation proceedings, where there is a substantial lapse of time between actual taking of property and payment, interest on the damages for the taking of the property from the time of the taking until the time of the final payment, or damages in the nature of interest for the delay in payment of compensation, is properly allowed." Annotation, 36 A.L.R.2d 418. In 29 C.J.S. Eminent Domain § 176(a), p. 1053, there appears a somewhat similar statement of the applicable principles, as follows: "Where payment of compensation does not accompany the taking of property for public use but is postponed to a later date, the owner of the property ordinarily is entitled to the award of an additional sum which will compensate for the delay, or which will, in other words, produce the full equivalent of the value of the property paid contemporaneously with the taking. According to the weight of authority, the owner is in such circumstances entitled to interest, or, what is similar, to damages in the nature of interest for delay in payment. The right to such interest or damages is not dependent on statutory provision or a special agreement." See also 18

Am.Jur., Eminent Domain, Section 272, p. 912, and Annotation 111 A.L.R. 1299, 1304.

The early Missouri cases held (or at least indicated the view) that the landowner was entitled to interest upon the delayed payment. Miller v. St. Louis & K. C. Ry. Co., 162 Mo. 424, 63 S.W. 85; Webster v. Kansas City & S. Ry. Co., 116 Mo. 114, 22 S.W. 474; St. Louis O. H. & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S.W. 1069. More recently, the Springfield Court of Appeals had occasion to consider the question in Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W.2d 14. Therein, the court thoroughly considered the various aspects of the problem and concluded that the landowner (if timely request is made therefor) is entitled to recover interest (or damages for delay in payment), from the date of appropriation until the date of judgment, upon the amount whereby the circuit court determination exceeds the award of the commissioners. We refer those interested to the Hamlin opinion for a most comprehensive collection of the annotations, texts, and leading cases supporting the majority view upon the instant question. The same court, in the later case of State ex rel. State Highway Commission v. Galloway, Mo.App., 292 S.W.2d 904, reaffirmed the view expressed in the Hamlin case upon the problem with which we are here concerned.

■ In the recent case of State ex rel. State Highway Commission v. Green, Mo. Sup., 305 S.W.2d 688, we gave consideration to the landowners' claim for interest upon the delayed payment but found it unnecessary to decide the question. In that case the claim for interest was not made until after the jury had returned its verdict fixing the amount of damages and the case was disposed of by a holding that, absent statutory authority, the trial court did not have the power to compute interest and add the amount thereof to the sum fixed by the jury in its verdict and enter judgment for the total of the two sums. It

will be noted that in the instant case the claim for interest was presented before trial and the court had the power or jurisdiction to include an allowance therefor in its finding and judgment. The question presented is whether the defendants may properly be allowed interest (or damages for delay in payment) under the circumstances existing herein.

 Plaintiff contends that the court erred in allowing interest because the claim was unliquidated and there was no statutory or constitutional authority for the allowance of same. It points to the general rule that interest is not usually allowed on unliquidated demands for the reason that the person liable does not know the amount he owes and hence cannot be in default because of his failure to pay. 15 Am.Jur., Damages, Section 161, p. 579. However, we have the view that cases involving the determination of the amount of damages that should be paid a landowner as the result of the condemnation of his property are clearly distinguishable from the ordinary damage suit or other unliquidated claim.

 The constitution provides "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested." Art. 1, Section 26, Constitution of Missouri 1945, V.A.M.S. In the case before us the property was taken on February 19, 1954. At that time there had been a tentative determination that the property had a value of $26,500. That amount was accordingly paid into court for the benefit of defendants. However, when the matter was thereafter tried in the circuit court it was determined that defendants were entitled to damages in the sum of $33,848. It would seem that for defendants to have been justly compensated they were entitled to receive the sum of $33,848 at the time their property was taken. Obviously, it could not have been paid at that time and hence, in the interim between the taking and the circuit court trial, the defendants were denied the use of their property and also the use of the $7,348 which was the difference between the two amounts. In that situation it would seem that the just and equitable solution would be to allow defendants compensation, for the period from the taking until the entry of the judgment fixing the amount of damages, for the loss of the use of the amount whereby the sum fixed in the judgment exceeded the amount paid at the time of the taking. For convenience, we think it not objectionable to refer to the allowance of damages for delayed payment as interest, and it would appear to be proper to make the allowance at the legal rate. We think the conclusion heretofore detailed is supported by the Missouri cases, the case law generally, and by established principles of right and justice.

 Plaintiff also makes the contention that the court erred in allowing interest because same was barred by laches since defendants delayed more than four years after the date of taking before bringing the case to trial. The point is without merit. The reason for the delay does not appear. However, plaintiff had as much right to insist on a trial as did the defendants. Upon the instant record there is no basis for the conclusion that the delay in bringing the case to trial was caused by the defendants. We accordingly rule that interest should not have been denied defendants because of the trial delay. The case of Hilton v. City of St. Louis, 99 Mo. 199, 12 S.W. 657, cited by plaintiff, is readily distinguishable upon the factual situation involved and has no application here.

The remaining point briefed by plaintiff is that the judgment should not be af-

firmed because the finding of the trial court as to the amount of defendants' damages was not supported by competent and substantial evidence. This cause having been tried before the court, without a jury, it is our statutory duty to "review the case upon both the law and the evidence as in suits of an equitable nature" and give due regard "to the opportunity of the trial court to judge of the credibility of the witnesses," and, "The judgment shall not be set aside unless clearly erroneous * * *." Section 510.310, subd. 4, RSMo 1949, V.A.M.S.

■ The land taken was located on the corner of Hickory and Thirteenth Streets in St. Louis, Missouri. It fronted approximately 49' on Hickory with a depth of about 125'. In 1947 defendants had constructed a one-story building on the corner in which they conducted a grocery business. That building was approximately 24' x 100'. To the rear of the grocery store was a two-story building which had been built about 1875 for use as a stable. In recent years that building had been used for tenement purposes with three rooms on each floor. It was not in a very good state of repair but was fully occupied at the time of condemnation. Adjoining the grocery building there was a 2½-story building (25' x 76') containing twelve rooms and two baths which had been operated by defendants as a rooming house. That building was old and badly worn but was fully rented at the time of the taking.

Defendants presented three experts who testified as to the reasonable market value of the instant property upon the date of the taking. Each of these witnesses expressed an opinion as to the value of the land, the value of each building, and then summarized by giving an opinion as to the total value of the land and improvements. The first of these witnesses was H. O. Byrd who stated that he was a real estate broker and appraiser. Mr. Byrd had been in the real estate business in the St. Louis area since 1921 and was a member of the American Institute of Real Estate Ap-

praisers and had been president of the St. Louis chapter of that organization. He had been doing appraisal work in the St. Louis area since 1934. He placed the reasonable market value of the land and improvements at the total sum of $45,614. The second witness produced by defendants was John A. Reardon who stated that he had been a real estate broker in St. Louis for 38 years and had appraised real estate in that area during all of that time. In his opinion, the reasonable market value of the land and improvements totaled $43,000. Defendants' final witness was John Wunderlich who testified that he was a registered architect and builder. He stated that he had been in the construction business since 1919 and had made many appraisals of property since that time. The market value of the instant property, in his opinion, was $41,172.66.

Plaintiff presented two qualified experts in the field of appraising real estate who expressed opinions concerning the reasonable market value of the property in question. W. J. Hannauer fixed the value at $21,218, and John Weber expressed the opinion that its value was $25,162. Plaintiff also offered the testimony of A. H. Stiel, a builder and contractor, who limited his testimony to the value of the grocery store building (without the land) which he fixed at $19,569.

As shown by our brief recital of the evidence, the highest value fixed by witnesses for defendants was $45,614. The lowest value stated by plaintiff's experts was $21,218. The trial court found the value to be $33,848. While plaintiff's counsel has criticized the methods used by defendants' witnesses in certain respects (which we consider minor), those contentions (even if assumed to be correct) would not destroy the probative value to be accorded to their testimony. The witnesses for defendant used substantially the same methods as the experts for plaintiff. The main issue upon which the experts disagreed was as to the reproduction cost of the grocery store building. Defendants'

witnesses fixed the cost per square foot at $11, $12.50, and $14, respectively. On the other hand, plaintiff's witness Hannauer used a cost of $8 per square foot in making his computations, and Mr. Weber estimated the cost at $7.50 per square foot.

We have concluded that the experts who testified on behalf of the defendants were shown to be well qualified and that their testimony as to the value of the property taken provides ample support for the conclusion reached by the trial court. The trial court had the opportunity to observe the witnesses and its finding as to the amount of compensation was well within the maximum limit disclosed by the testimony. We not only give deference to the finding of the trial court but our review of the evidence has caused us to independently conclude that it is correct.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.