664 F.2d 672
 GENERAL FACILITIES, INC., a corporation; Continental Oil
Company, a corporation; Continental Pipe Line
Company, a corporation, Appellees,
v.
NATIONAL MARINE SERVICE, INC., a corporation, Appellant.
GENERAL FACILITIES, INC., a corporation; Continental Oil
Company a corporation; Continental Pipe Line
Company, a corporation, Appellants,
v.
NATIONAL MARINE SERVICE, INC., a corporation, Appellee.
 Nos. 81-1635, 81-1644.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1981.
Decided Nov. 25, 1981.
 
 William G. Ohlhausen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant/cross appellee.
 James D. Eckhoff, Fordyce & Mayne, P. C., Clayton, Mo., for appellees/cross appellants.
 Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.
 PER CURIAM.
 
 
 1
 This matter arises out of a collision between runaway barges and a barge-loading facility. The parties appeal from the inclusion of lost profits and prejudgment interest in the trial court's award of damages. We affirm the judgment below.[1]
 
 
 2
 Two river barges under the control of National Marine Service broke free of their moorings and drifted into a barge-loading facility owned by Conoco,[2] causing the facility to be closed several months for repairs. The parties stipulated that Conoco expended over $53,000 to repair the facility and incurred additional expenses totaling $46,000 to fulfill its contractual commitments through other barge-loading facilities. The trial court awarded prejudgment interest on the foregoing amounts at the rate of 15.75 percent per year. It also awarded $66,000 for profits that would have been earned from operating the facility during the months it was closed, but declined to grant prejudgment interest on this amount.
 
 
 3
 National Marine concedes that an award of prejudgment interest is within the trial court's discretion, but contends that the interest rate of 15.75 percent is excessive and unsupported by the evidence. It also challenges the award of interest on Conoco's claim for added expenses incurred through use of other barge facilities, arguing that the time frame of such expenses was not established at trial.
 
 
 4
 We find no merit in these contentions. Prejudgment interest serves at least two purposes: (1) it helps compensate plaintiffs for the true cost of money damages they have incurred, and (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation. Here, National Marine denied liability when Conoco commenced this action, but did not present even a single witness in its defense at trial. The damage elements on which interest was awarded were based upon stipulated figures. On these facts, the trial court did not abuse its discretion in awarding prejudgment interest.
 
 
 5
 In arriving at 15.75 percent, the trial court relied upon the average prime interest rate during the relevant period, as adduced at trial. This is an attempt to approximate the implicit cost to Conoco of its money losses and the benefit to National Marine from use of such monies. Although the average prime rate is not the only possible standard, we cannot say it is unreasonable or an abuse of discretion to follow it as a guide. See Federal Barge Lines, Inc. v. Republic Marine, Inc., 616 F.2d 372 (8th Cir. 1980).
 
 
 6
 Neither was it an abuse of discretion to apply interest on the added expenses incurred by Conoco. National Marine did not dispute that these were necessary if Conoco was to honor its contractual commitments while the damaged facility was closed. Moreover, it is clear these expenses were incurred during the shutdown period and that the initial date from which interest was awarded is later than such period. Thus, National Marine could not be harmed by Conoco's failure to establish the specific dates on which each of these expense items were incurred.
 
 
 7
 National Marine next contends that the measure of lost profits is too speculative to be sustained. We cannot agree. Conoco established the volume of business and level of profits earned at the facility prior to the interruption and the parallel figures following reopening. See Rich v. Eastman Kodak Co., 583 F.2d 435 (8th Cir. 1978). The trial court found, on substantial evidence, that Conoco earned an average net profit of $ .055 per barrel loaded at the facility. The only serious dispute by National Marine involves the estimate of the number of barrels that would have been loaded at the facility during the period it was closed. Such estimates are necessarily inexact. There is further concern where, as here, the volume of business was declining at the facility. The trial court, however, had available both the before and after data, and reliable estimates of the other factors which could affect the volume of business during the shutdown period. The trial court's findings appear to be an appropriately conservative determination of lost profits where the fact of such losses is clear. We can find nothing unreasonable or speculative about the award. See Cargill, Inc. v. Taylor Towing Service, Inc., 642 F.2d 239, 241 (8th Cir. 1981).
 
 
 8
 Finally, Conoco contends that it was entitled to prejudgment interest on the award for lost profits. We note that, absent exceptional or peculiar circumstances, such interest is to be awarded on claims directly related to property losses. See Mid-American Transportation Company, Inc. v. Cargo Carriers, Inc., 480 F.2d 1071 (8th Cir. 1973). A particular claim for lost profits, however, may be less susceptible of exact measurement, or the liability for such indirect losses may be less clear. Consideration of these factors is within the trial court's discretion. Although an award of prejudgment interest might have been proper on Conoco's lost profits claim, we cannot find that it was an abuse of discretion not to do so, particularly where a substantial interest award was made on the other direct losses.
 
 
 9
 The judgment below is affirmed in all respects.
 
 
 
 *
 The Honorable PAUL BENSON, Chief Judge, United States District Court for the District of North Dakota, sitting by designation
 
 
 [1]
 The case was tried without a jury before the Honorable John K. Regan, United States District Judge for the Eastern District of Missouri, 515 F.Supp. 1162
 
 
 [2]
 The plaintiffs below are collectively referred to herein as Conoco