Michael P. **CATRON** and Paulette Catron, Appellants-Respondents,

v.

**COLUMBIA MUTUAL INSURANCE COMPANY**, Respondent-Appellant.

No. 68250.

Supreme Court of Missouri, En Banc.

Jan. 13, 1987.

Rehearing Denied Feb. 17, 1987.

Tom R. Williams, Warrensburg, for appellants-respondents.

Stephen D. Manz, Edward L. Smith, Kansas City, for respondent-appellant.

HIGGINS, Chief Justice.

Michael and Paulette Catron, insureds in a policy of property insurance issued by Columbia Mutual Insurance Company, sued Columbia for damage to the insured property (Count I) and on a prima facie tort theory for injury sustained for failure to negotiate and pay the claim in good faith (Count II). Plaintiff received judgment together with prejudgment interest on Count I and suffered judgment of dismissal of Count II for failure to state a cause of action. Plaintiff appealed the dismissal of Count II; defendant cross-appealed the

award of prejudgment interest. The Court of Appeals, Western District affirmed the dismissal of Count II and reversed the award of prejudgment interest. One judge dissented from the reversal of the award of prejudgment interest and certified the cause to this Court under Mo. Const. art. V, § 10. Affirmed.

In June 1979 the Catrons purchased the policy insuring their mobile home, its contents and a small shed for $20,000, $10,000 and $500 respectively. A windstorm damaged this property on May 12, 1980. They submitted proof of loss to Columbia Mutual on June 25, 1980, demanding payment of $13,376.99. Columbia Mutual refused to pay the amount claimed but offered to pay $5,425.06. The court awarded the plaintiffs $11,718.79 plus interest from August 31, 1980, the date following approximately sixty days after demand for payment.

### I. The dismissal.

■ Count II of plaintiffs' petition originally stated the tort of bad faith dealings by the insurer. In their first amended petition plaintiffs revised their cause of action to include the elements of a prima facie tort. Missouri courts have consistently limited the application of the prima facie tort. *Brown v. Missouri Pacific Railroad Co.*, 720 S.W.2d 357 (Mo. banc, 1986). They have expressed a concern that this cause of action would be used in every situation in which an injury or loss occurred and no other tort applied. *Lundberg v. Prudential Insurance Co. of America*, 661 S.W.2d 667, 670 (Mo.App. 1983); *Dowd v. General Motors Acceptance Corp.*, 685 S.W.2d 868, 873 (Mo.App. 1984).

The tort of bad faith was conceived to provide redress to insureds for an insurers' breach of their fiduciary duty in negotiating and settling third party claims against the insured. *Duncan v. Andrew County Mutual Insurance Co.*, 665 S.W.2d 13 (Mo.App.1983). The *Duncan* decision effectively eliminated the bad faith tort in first party claims by an insured. The court noted the vexatious refusal statute which provides a statutory remedy when insurers refuse to pay an insured's loss without reasonable cause or excuse. § 375.420 RSMo 1978. It also noted the statutory scheme which exempts county mutual insurance companies from the operation of the vexatious delay statute. § 380.060 RSMo 1978. Farmer's mutual insurance companies, such as Columbia Mutual, are also exempt from the vexatious delay statute. § 380.800 RSMo 1978. *Duncan* refused to extend the bad faith tort to first party claims partly because of the public policy expressed by the statute.

In *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985), this Court encountered an analogous situation. A discharged employee attempted to state a cause of action in prima facie tort against his former employer. The Court noted the firmly established principle that an at will employee could not maintain an action for wrongful discharge against his former employer without a statutory provision supporting his claim. *Id.* at 192–3. The court reasoned that if the plaintiff was allowed to bring a wrongful discharge action under the prima facie tort theory it would circumvent the established body of law in the area. The same is true here. If the Catrons were allowed to bring a prima facie tort action it would circumvent the will of the legislature in enacting the vexatious delay and the exemption statutes.

### II. The prejudgment interest.

■ The often stated general rule is that interest is not recoverable on an unliquidated demand. *Fohn v. Title Insurance Corp.*, 529 S.W.2d 1, 5 (Mo. banc 1975); *Laughlin v. Boatmen's National Bank*, 354 Mo. 467, 189 S.W.2d 974, 979 (1945). The courts, however, have subjected the general rule to various interpretations and exceptions. See *Burger v. Wood*, 446 S.W.2d 436, 443–4 (Mo.App.1969). Although this Court's decision in *Fohn* restated the general rule it did not eliminate the interpretations and exceptions. The Court refused to award prejudgment interest on the claim because it did not fall

within any exception to the rule. The Court had to decide as a matter of first impression what standard to apply in determining damages in that type of case. The case did not fit within the exception which allows interest when the amount of damages may be ascertained by reference to any recognized standard. *See St. Joseph Light & Power Co. v. Zurich Insurance Co.*, 698 F.2d 1351 (8th Cir.1983).

*Fohn* noted four cases standing for the general rule. *St. Louis Housing Authority v. Magafas*, 324 S.W.2d 697 (Mo.1959); *Laughlin v. Boatmen's National Bank*, 189 S.W.2d 974; *Burger v. Wood*, 446 S.W.2d 436; and *Herbert & Brooner Construction Co. v. Golden*, 499 S.W.2d 541 (Mo.App.1973). None of these four cases required a strict application of the general rule. *Burger* and *Herbert* both noted several exceptions and interpretations of the general rule and ultimately allowed prejudgment interest. *Magafas* noted the general rule but created an exception in condemnation cases. A dispute existed as to the amount to be paid for the condemned property. The Court decided that the just and equitable solution would be to allow interest because the defendants were denied the use of their property during the period before trial. In *Laughlin* the Court allowed interest on an unliquidated demand for payment in quantum meruit. It found that the general rule was not meant to deny interest for the reasonable value of services rendered or labor and materials furnished.

Missouri courts have allowed prejudgment interest for insurance claims where the parties did not agree to the amount due under the policy. The controversy in *Hawkinson Tread Tire Service Co. v. Indiana Lumbermen's Mutual Insurance Co.*, 362 Mo. 823, 245 S.W.2d 24 (1951), centered on the interpretation of the policy and the resultant computation of loss. The Court characterized the differing estimates of loss as a disagreement regarding the extent of the insurer's liability. *Id.* at 28. This characterization did not change the award for prejudgment interest although

the parties did not agree to an amount before judgment.

In *Boenzle v. United States Fidelity & Guaranty Co.*, 258 S.W.2d 938 (Mo.App. 1953), the court awarded prejudgment interest although the insured had demanded a much greater sum than was actually owed him. The court found that the amount had become due and payable thirty days after the insured filed the proof of loss. More recently the Southern District awarded prejudgment interest on a disputed insurance claim. *DeLisle v. Cape Mutual Insurance Co.*, 675 S.W.2d 97 (Mo. App.1984). This dispute revolved around the differing estimates of the damage given by the parties' experts. The court allowed the prejudgment interest from sixty days after the insured filed their proof of loss.

Interest has traditionally been used to compensate for the use of or loss of use of money to which a person is entitled. *Laughlin*, 189 S.W.2d at 979. The courts may also consider equitable principles of fairness and justice when awarding prejudgment interest. *Magafas*, 324 S.W.2d at 700; *General Insurance Co. of America v. Hercules Construction Co.*, 385 F.2d 13, 25 (8th Cir.1967). The Catrons have been without the use of the money expended to repair their property since May 1980. They complied with the conditions of their policy and submitted a timely proof of loss statement. Columbia Mutual's offer of an amount far less than demanded or awarded should not deprive the Catrons of the amount which would fairly compensate them for their loss. An award of less damages than requested does not preclude an award of prejudgment interest on the ascertained damages. *Schmidt v. Morival Farms, Inc.*, 240 S.W.2d 952 (Mo.1951). The court properly awarded prejudgment interest to the Catrons on their damages from August 31, 1980.

Accordingly, the judgment of dismissal of plaintiffs' Count II and its award of damages together with prejudgment interest on Count I is affirmed.

BILLINGS and RENDLEN, JJ., concur.

ROBERTSON, J., concurs in separate opinion filed.

BLACKMAR, J., concurs and concurs in separate concurring opinion of ROBERTSON, J.

DONNELLY, J., dissents.

WELLIVER, J., dissents in separate dissenting opinion filed.

ROBERTSON, Judge, concurring.

I concur in the principal opinion but write separately to express the reasoning I feel more precisely justifies the principal opinion's holding on the issue of prejudgment interest.

As noted in the principal opinion, the general rule that interest is not recoverable on an unliquidated demand is subject to several interpretations and exceptions. Among these include situations in which a liquidated claim is countered with an unliquidated counterclaim, set-off or plea in recoupment, *Burger v. Wood,* 446 S.W.2d 436 (Mo.App.1969); where the only contested issue is liability and the defendant does not dispute the dollar amount of damages, *Hawkinson Tread Tire Service Co. v. Indiana Lumbermens Mutual Insurance Co.,* 362 Mo. 823, 245 S.W.2d 24 (1951); where interest is held to be part of a taking for which compensation should be provided in condemnation cases, *St. Louis Housing Authority v. Magafas,* 324 S.W.2d 697 (Mo. 1959); and where, although the claim is in a sense unliquidated, the amount of damages is readily ascertainable by mathematical computation, *Ehrle v. Bank Building & Equipment Corp. of America,* 530 S.W.2d 482 (Mo.App.1975), or can be determined according to a recognized standard, *Laughlin v. Boatmen's Nat'l Bank,* 354 Mo. 467, 189 S.W.2d 974 (1945).

This case presents a situation falling most nearly into the last category of exceptions to the general rule. The problem is that while a standard exists by which to measure the damages recoverable for the Catron's property loss, the monetary value of the physical items damaged by the windstorm is disputed; the determination of loss is dependent on opinion estimates.

In *Fohn v. Title Insurance Corp.,* 529 S.W.2d 1 (Mo. banc 1975), this Court disallowed prejudgment interest on a claim where the standard, i.e., the legal measure of damages, was an open question and point of contention between the parties. The policy behind denial of prejudgment interest was stated to be "based, generally, on the idea that where the person liable does not know the amount he owes he should not be considered in default because of failure to pay." 529 S.W.2d at 5. Other decisions denying prejudgment interest are based on the same principle. See *Komosa v. Monsanto Chemical Co.,* 317 S.W.2d 396 (Mo. banc 1958) (nature and extent of workman's disability found not computable by any known standards); *Ohlendorf v. Feinstein,* 670 S.W.2d 930 (Mo.App.1984) (claim for lost profits as of date of breach of contract found unliquidated for absence of recognized standard by which to ascertain extent of loss).

On the other hand, at least two policies are served by allowing prejudgment interest: "(1) it helps compensate plaintiffs for the true cost of money damages they have incurred; and (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delay of litigation." *Twin River Construction Co. v. Public Water Dist. No. 6,* 653 S.W.2d 682, 695 (Mo.App.1983), quoting *General Facilities, Inc. v. National Marine Service, Inc.,* 664 F.2d 672 (8th Cir. 1981). Consistent with *Fohn,* a defendant does not "benefit unfairly" from delay of litigation when he truly cannot be expected to know how much he owes and thus cannot be considered in default. Where the amount of damages is capable of determination according to a recognized standard—in this case established by the insurance policy itself—a dispute as to monetary value is not the type of uncertainty justifying denial of complete compensation to a plaintiff. To hold otherwise would allow an insurer to accrue percuniary benefit unfairly by the simple expedient of producing conflicting estimates of value.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The principal opinion exhibits an almost total lack of understanding of the farmers' mutual insurance law of Missouri. If the vexatious delay statute, § 375.420, RSMo 1978, is made inapplicable to farmers' mutual insurance companies by § 380.800, RSMo 1978, (now § 380.031, RSMo Cum. Supp.1984), which is admitted by both parties and the principal opinion, then the principal opinion's result flies squarely in the face of the clear legislative intent that there shall be neither interest nor penalty assessed against these companies for alleged delay in settlement.

The majority also refuses to follow the controlling precedent concerning the award of pre-judgment interest for unliquidated insurance claims established by this Court in *Fohn v. Title Insurance Corp. of St. Louis*, 529 S.W.2d 1 (Mo. banc 1975). The author acknowledges the existence of *Fohn*, but attempts to circumvent the long-established rule of that case by resting its decision on "exceptions" to the general rule carved out by this Court more than a decade before the rendition of our decision in *Fohn, see e.g., St. Louis Housing Authority v. Magafas*, 324 S.W.2d 697 (Mo.1959); *Laughlin v. Boatmen's National Bank*, 354 Mo. 467, 189 S.W.2d 974 (Mo.1945) and by hiding behind decisions of our courts of appeals, *see e.g., Delisle v. Cape Mutual Insurance Co.*, 675 S.W.2d 97 (Mo.App. 1984), which heretofore have had no controlling effect on our decisions. With one stroke of the pen, the author writes into law pre-judgment interest which eleven bills introduced in the General Assembly since 1965 have failed to accomplish. *See,* S.B. 739, 83d General Assembly, 2d Reg. Sess. (1986); H.B. 984, 82d General Assembly, 2d Reg.Sess. (1984); S.B. 663, 82d General Assembly, 2d Reg.Sess. (1984); H.S. H.B. 367, 82d General Assembly, 1st Reg. Sess. (1983); S.C.S.S.B. 16, 82d General Assembly, 1st Reg.Sess. (1983); H.B. 1161, 81st General Assembly, 2d Reg.Sess. (1982); S.B. 546, 81st General Assembly, 2d Reg.Sess. (1982); H.B. 309, 81st General Assembly, 1st Reg.Sess. (1981); H.B. 851, 80th General Assembly, 1st Reg.Sess. (1979); H.B. 1723, 77th General Assembly, 2d Reg.Sess. (1974); H.B. 553, 73d General Assembly (1965).

Those who would lead, *see, Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491, 505 (Mo. banc 1986) (Welliver, J., dissenting), should, in my opinion, be willing to assume responsibility for their leadership. Under the leadership, guidance and transfiguring hand of the current Chief Justice, this Court has abrogated its judicial responsibility to examine and control the size of verdicts, *see, Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99 (Mo. banc 1985); and, now would place the gun of pre-judgment interest to the head of every insurance company doing business in Missouri, in its handling of unliquidated damage claims. No two cases handed down by this Court have done or will do more to fuel the rising cost of insurance premiums for the people of Missouri.

The principal opinion, in this instance not only fails to recognize the precedential value of the law established by this Court many years ago, but also chooses to overlook the devastating effect its decision will have on all who pay insurance premiums in this State.