**Wayne O. BAKER, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 87–1873.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1988.

Decided May 10, 1988.

---

Joseph W. Amick, Kansas City, Mo., for appellant.

Gary M. Cupples, Kansas City, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

PER CURIAM.

Appellant, Wayne O. Baker, appeals from a judgment entered by the District Court[1] for the Western District of Missouri dismissing his cause of action for lack of subject matter jurisdiction because appellant's claim did not, as a matter of legal certainty, present a matter in controversy exceeding the $10,000 jurisdictional amount mandated by 28 U.S.C. § 1332(a). The district court held that because Mo.Rev.Stat. § 375.420 (1986) pre-empted and precluded appellant's purported common law tort action against appellee State Farm Mutual Insurance Company (State Farm), the punitive damages sought by appellant in connection with his claim were not recoverable from State Farm.[2] Therefore, appellant's claim for damages, the statutory penalty, and a reasonable attorney fee were less than the statutory jurisdictional amount required by 28 U.S.C. § 1332(a).

Appellant was injured in an automobile collision in Kansas City, Kansas, on August 24, 1983. He was treated for his injuries at the Kansas City Medical Center, and forwarded his bills totaling $511.00 to his automobile insurance carrier, State Farm. State Farm paid appellant this amount. Appellant later brought suit against the driver responsible for his injuries, Frank Shores. State Farm then contacted Shores's automobile insurance carrier, Farmers Insurance Group (Farmers), and claimed a subrogation lien for the $511.00. When appellant settled his claim against Farmers, he learned that State Farm's subrogation lien was to be included by Farmers in the settlement payment. When State Farm refused to withdraw its subro-

* The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas, sitting by designation.

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. Mo.Rev.Stat. § 375.420, entitled "Vexatious refusal, to pay claim damages for, exception," provides:

   In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employer's liability, bur-glary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

gation claim, appellant filed the instant suit.

Appellant concedes that State Farm immediately investigated, received, handled and paid his $511 claim without any question or delay, and did not breach its contract of insurance in any way. Rather, appellant argues that State Farm tortiously interfered with appellant's contract with Farmers by insisting that Farmers recognize State Farm's subrogation claim. Consequently, appellant's claim is clearly "ex delicto," and not "ex contractu." Appellant further contends that simply because State Farm's tortious conduct grew out of or arose from its contractual relationship with appellant does not establish that § 375.420 pre-empts appellant's cause of action against State Farm.

The district court held otherwise, stating that although appellant had pled his case under several different theories, basically appellant's complaint was that State Farm had wrongfully failed to pay his claim for medical bills and expenses "free and clear" of any subrogation right State Farm believed it had in the amount paid appellant. The court observed that Missouri courts, however, have made it quite clear that the measure of damages recoverable in suits brought by insureds for redress of abuses by insurers in disposing of first-party claims, as distinguished from third-party claims, is prescribed by § 375.420. It noted that § 375.420 pre-empts common law actions against insurers for alleged bad faith handling of first-party claims, whether the action is denominated a tortious interference claim, a prima facie tort claim, or otherwise. *See Catron v. Columbia Mut. Ins. Co.*, 723 S.W.2d 5, 6 (Mo.1987) (en banc); *Duncan v. Andrew County Mut. Ins. Co.*, 665 S.W.2d 13, 19–20 (Mo.Ct.App. 1983).

The district court further noted that pursuant to § 375.420 if State Farm's failure to pay appellant's claim "free and clear" was without reasonable cause or excuse, appellant would be entitled to only $511.00 (the Kansas personal injury payment), interest, and a statutory penalty of $102.20 (20% × $511). Additionally, the court noted that appellant would also be entitled to a reasonable attorney's fee. Consequently, because the federal jurisdictional amount is to be calculated exclusive of interest, in order to exceed the statutory $10,000 figure so as to confer jurisdiction pursuant to 28 U.S.C. § 1332(a), it would have to be possible to deem as reasonable an attorney fee of $9,386.81. The court concluded by stating that even if it were to assume, for sake of argument, that State Farm had acted without reasonable cause or excuse, an attorney's fee of $9,386.81 would clearly be unreasonable.

We have examined the record and the briefs and find no errors of either fact or law. Consequently, we affirm the judgment of the district court dismissing appellant's claim for lack of jurisdiction. *See* 8th Cir.R. 14.