**Alan JONES, Plaintiff/Respondent,**

v.

**OHIO CASUALTY INSURANCE, Defendant/Appellant.**

No. 63188.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 18, 1994.

John P. Zimmerman, Harlan & Harlan, St. Louis, for defendant/appellant.

Alan Jones, pro se.

SMITH, Judge.

Defendant, Ohio Casualty, appeals from that portion of a judgment awarding plaintiff pre-judgment interest. We affirm.

Defendant insured plaintiff's automobile which was "totaled" in an accident on May 24, 1987. In July 1987, defendant offered plaintiff $1773.75 representing its appraisal of $1873.75 as the pre-accident value of the vehicle less the $100 deductible. Jones refused the offer feeling it was substantially undervalued. The offer was tendered to plaintiff in a filled in document entitled "Proof of loss" but which was nothing more or less than a full release. The record does not reveal that any other proof of loss was furnished by defendant to plaintiff. The trial court determined that the value of the vehicle at the time of the accident was $2750 assessing plaintiff's damages for loss of the vehicle at $2650 and determining that storage and towing costs of $555 incurred prior to plaintiff's refusal of the offer were also the obligation of the defendant. The court further awarded pre-judgment interest of $1496.64. The defendant appeals only from the pre-judgment interest award.

Our review is determined by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We

sustain the judgment of the trial court unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) it erroneously declares the law; or (4) it erroneously applies the law.

Defendant contends that the evidence fails to disclose a written demand by plaintiff and therefore the statute, § 408.020 RSMo 1986, does not authorize an award of pre-judgment interest. There is less than unanimity in the cases as to whether where an insurance contract is involved a written demand is required. In *DeLisle v. Cape Mutual Insurance Company*, 675 S.W.2d 97 (Mo.App.1984) [13, 14] the court, *in dicta*, stated that written demand or request was a condition precedent to recovery of pre-judgment interest on insurance contracts. In *Doerflinger Realty Co. v. Fields*, 281 S.W.2d 609 (Mo.App.1955) [5–7] we held to the contrary. The statute itself provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; ...

By its provisions the statute requires written demand on accounts not on written contracts. This is reasonable because an account is by nature a continuing and changing obligation imposing upon the creditor an obligation to advise the debtor when payment is expected. A written contract, on the other hand, usually provides for a time of payment and written demand is not necessary to advise the debtor that payment is due. Certainly that is true of an insurance policy covering property damage.

The evidence here does not establish that plaintiff made a written demand. We need not determine if any demand is necessary. Plaintiff did testify that he advised the adjuster that he considered the vehicle to be worth $3000. Defendant made no counter-offer and no tender of the amount it admitted was due. From the date of the accident until the entry of judgment defendant had the use of money which it was obligated to pay to plaintiff. Conversely, plaintiff did not have the use of money to which he was entitled.

Plaintiff's statement of his opinion of the value of his vehicle was a sufficient demand to trigger the obligation to pay interest on the subsequently determined lower judgment amount if demand was required. *Catron v. Columbia Mutual Insurance Company*, 723 S.W.2d 5 (Mo. banc 1987) [2]. Plaintiff's petition sought specified items of damage and "whatever further orders the Court deems just and proper under the premises ...." In *General Aggregate Corporation v. LaBrayere*, 666 S.W.2d 901 (Mo.App.1984) [12–14] we held such a prayer to be sufficient to allow pre-judgment interest.

Defendant invokes the equitable considerations discussed in *Catron, supra*. We find very little equity in the position of an insurance company which requires its insured to sign a filled out document delineated a proof of loss which is in fact a full release. Under the circumstances it was difficult for plaintiff to make any other demand than an oral one.

Plaintiff's motions challenging our jurisdiction and seeking damages for frivolous appeal are denied.

Judgment affirmed.

GRIMM, P.J., and AHRENS, J., concur.