FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOUG HAMBELTON,

        Plaintiff–Appellee,

v.

CANAL INSURANCE COMPANY,

        Defendant–Appellant.

No. 10-6069
(D.C. No. 5:09-CV-00208-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Doug Hambelton hit a deer with his tractor-trailer truck and his

transmission failed about two weeks later.  Canal, his insurer, refused to pay for

the transmission repair, contending it was a mechanical failure.  Hambelton sued

Canal for breach of contract and bad faith.  A jury found and awarded in favor of

Hambelton on both claims, awarding actual damages, punitive damages, and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attorneys' fees.[1]  After judgment was entered on the verdict, this appeal was commenced.  We affirm.

## I

On inspection following the accident, Hambelton noticed body damage to his truck, but did not file an insurance claim.  About two weeks later, however, his transmission failed.  According to a mechanic, the failure was caused by the same deer strike.  Hambelton filed a claim with Canal, which allowed the body-damage claim but denied the transmission repair claim concluding it was "likely . . . a result of mechanical failure."

Hambelton sued Canal, and a jury awarded $5,366.98 on his breach of contract claim, $117,555.00 on his bad-faith claim, $75,000.00 in punitive damages, and $72,982.50 in attorneys' fees.

## II

On appeal, Canal argues:  (1) the district court should have applied Missouri bad-faith law; (2) the verdict was based on insufficient evidence; and (3) the bad faith and punitive damage awards were unconstitutionally excessive.

## A

The district court analyzed Hambelton's claim under Oklahoma law.

---

[1]    Canal separately appealed the attorneys' fees award.

Canal argues the court should have applied Missouri law, which does not recognize a first-party bad-faith tort claim, see Catron v. Columbia Mutual Insurance Co., 723 S.W.2d 5, 6 (Mo. 1987), and would have required Hambelton to bring a so-called "vexatious refusal to pay" claim, which greatly limits damages awards, see Mo. Rev. Stat. §§ 375.296, 375.420.[2]

We review choice of law questions with undisputed facts de novo. U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd., 582 F.3d 1131, 1143 (10th Cir. 2009). In diversity cases, the forum state's choice of law rules govern. Berry & Murphy, P.C. v. Carolina Cas. Ins. Co., 586 F.3d 803, 808 (10th Cir. 2009).

Oklahoma applies the law of the state having "the most significant relationship to the occurrence and the parties" in tort disputes.[3] Hightower v. Kan. City S. Ry. Co., 70 P.3d 835, 842 (Okla. 2003) (quotation omitted). To determine which state's relationship is most significant, Oklahoma courts consider four "place" factors: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) each party's domicile, residence, nationality, place of incorporation and place of business; and (4) where the

---

[2] Hambelton's maximum award beyond actual damages under Missouri law would have been $686.90, instead of the $117,555.00 the jury awarded him under Oklahoma bad faith law.

[3] Canal does not contest the district court's application of Oklahoma contract law.

relationship, if any, between the parties occurred. Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974). Courts may also consider the relevant policies and interests each conflicting state law seeks to vindicate. See Beard v. Viene, 826 P.2d 990, 995 n.18 (Okla. 1992) (quotations omitted).

As the district court noted, Oklahoma, South Carolina, and Missouri each have a relationship to this case. Hambelton purchased his policy in Oklahoma from an Oklahoma insurance agent while working for an Oklahoma company, and reported the loss to his Oklahoma agent. Canal is headquartered in South Carolina, Hambelton's premium payments were received in South Carolina, and it was there that Canal decided to deny the claim. Hambelton lives in Missouri, the accident was in Missouri, and the claim was investigated in Missouri.

On these facts, the district court concluded that the Brickner factors were "fairly evenly divided" among the three states. But policy considerations broke the tie. Missouri's prohibition on bad faith claims against insurers protects Missouri insurers. Yet Canal is not a Missouri insurer. South Carolina allows bad faith claims in order to protect the rights of South Carolina insureds. But Hambelton is not a South Carolina insured. Oklahoma, however, seeks to prohibit the wrongful refusal to pay claims made under Oklahoma insurance policies by allowing punitive damages to deter such conduct. Because the contractual relationship, which gave rise to the duty of good faith Oklahoma law seeks to protect, came into existence in Oklahoma, the district court correctly held that

applying Oklahoma law protects Oklahoma's policy interest without violating the policy of Missouri or South Carolina.

On appeal, Canal relies primarily on a Tenth Circuit decision for the proposition that "in jurisdictions following the 'most significant relationship' test, the law of the state in which the insured property, object or other risk is located normally governs issues concerning the validity or effect of the insurance contract." See Mitchell v. State Farm Fire & Cas. Co., 902 F.2d 790, 793 (10th Cir. 1990). Canal's argument might be compelling were Mitchell a tort case rather than a contract case. But Canal only appeals the district court's choice of law determination regarding bad faith, a tort. Unlike Canal, the district court correctly identified the relevant Oklahoma tort conflict of laws analysis, considered this case's facts in light of that law, and thoroughly explained its conclusion that Oklahoma law should apply to Hambelton's bad-faith tort claim. There was no error.

**B**

Canal also challenges the sufficiency of the evidence underlying the jury verdict. This argument is waived. At trial, after Hambelton's case-in-chief, Canal moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). But Canal did not renew the motion by filing a Fed. R. Civ. P. 50(b) motion after the jury verdict. A party's "failure to comply with Rule 50(b) forecloses its

challenge to the sufficiency of the evidence" under Rule 50(a).  Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006).

The cases Canal cites for a more liberal interpretation of Rule 50 all pre-date the Supreme Court's Unitherm decision.  Moreover, Canal is simply wrong in suggesting that this court may remand for a new trial even if it cannot reverse the trial court's judgment.  See Unitherm, 546 U.S. at 402.  The issue of sufficiency of the evidence is not properly before us.

### C

Canal argues the bad-faith and punitive damage awards are so excessive as to be unconstitutional.  This contention is also waived.  Regarding this issue, Canal neither moved for a new trial after the jury verdict nor filed a post-trial motion to set aside the verdict.  It cannot do so for the first time on appeal.  See Hardeman v. City of Albuquerque, 377 F.3d 1106, 1122 (10th Cir. 2004).

### III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge