

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JILL MABIE, INDIVIDUALLY, AND ) 
AS A REPRESENTATIVE OF THE )
WRONGFUL DEATH CLASS OF )
DECEDENT, CHARLES MABIE, )
  )
       Respondent, )
  )
v. )     WD86861
  )
SOMONA MASON a/k/a SOMONA )     Opinion filed: October 29, 2024
ANDERSON, )
  )
       Appellant. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE CORY L. ATKINS, JUDGE**

Division Two: Alok Ahuja, Presiding Judge,
Edward R. Ardini, Jr., Judge and W. Douglas Thomson, Judge

This appeal concerns an award of prejudgment interest. Jill Mabie ("Mabie") filed this wrongful death action against Somona Mason ("Mason") after Mason caused the death of Mabie's husband ("Decedent") in a motor vehicle accident. Mabie offered to settle her claim and release Mason and her insurer from liability in exchange for $3.9 million, but her offer was rejected and the case proceeded to trial. The jury found in favor of Mabie and awarded her $40,000,000 in damages. The Circuit Court of Jackson County entered

judgment on the jury's verdict, and additionally awarded Mabie $4,359,452.05 in prejudgment interest.

Mason appeals, asserting Mabie was not entitled to prejudgment interest because her offer to settle did not comply with section 408.040, RSMo,[1]—the statute governing prejudgment interest—in that Mabie "failed to send a certified copy" of her settlement offer to Mason's insurer and "failed to attach a list of employers" to the offer. For the reasons stated below, we affirm.

**Factual and Procedural Background**

At approximately 4:30 p.m. on September 12, 2020, Mason—who was traveling at a high rate of speed with PCP in her system—crashed into the rear of Decedent's car while he was stopped at a red light. Decedent died as a result of the injuries he sustained in the collision.

In January 2021, Mabie filed this wrongful death action against Mason. Mason was insured by Farmers Insurance Company ("Farmers"), and Farmers retained counsel for her ("defense counsel"). On April 15, 2022, Mabie's attorney sent a letter to defense counsel offering "to settle and release Farmers and its insured from all present and future liability related to the subject crash and the wrongful death claim in exchange for payment of $3,900,000." The settlement offer was sent certified mail, return receipt requested. Attached to the offer was an Employment Authorization form, authorizing and requesting Decedent's sole employer provide defense counsel with documents relating to Decedent's

---

[1] All statutory references are to RSMo 2016.

2

employment. Defense counsel received the settlement offer on April 22nd. Farmers rejected the offer on July 11th. A jury trial was held in the fall of 2023; the jury returned a verdict in favor of Mabie and awarded her $40,000,000 in damages.

The following week, Mabie filed a motion requesting prejudgment interest. After briefing on the motion, the trial court entered judgment accepting the jury's verdict and damages award, and awarding prejudgment interest in the amount of $4,359,452.05. The trial court apportioned 60% of the total award to Mabie, and 20% to each of her and Decedent's children. Mason filed a motion to modify the judgment, renewing her challenge to the prejudgment interest award, which Mabie opposed. The trial court denied Mason's motion to modify.

Mason appeals, asserting Mabie was not entitled to prejudgment interest because her offer to settle did not comply with section 408.040.3, in that Mabie "failed to send a certified copy" of her settlement offer to Farmers (Point I) and "failed to attach a list of employers" to the offer (Point II).

**Standard of Review and Governing Law**

"Determination of the right to prejudgment interest is reviewed de novo because it is primarily a question of statutory interpretation and its application to undisputed facts." *Child. Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 202 (Mo. App. W.D. 2006). Section 408.040 "is intended to govern interest on judgments and provides when prejudgment interest is allowed." *Jameson v. Still*, 643 S.W.3d 306, 310 (Mo. banc 2022). Section 408.040.3 "authorizes a court to grant prejudgment interest if a party meets the

3

requirements in the statute." *Hayes v. Price*, 313 S.W.3d 645, 653 (Mo. banc 2010). As relevant here, section 408.040.3 provides that:

> In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives, and to such party's liability insurer if known to the claimant, and the amount of the judgment or order exceeds the demand for payment or offer of settlement, then prejudgment interest shall be awarded . . . .

Section 408.040.3 further provides that, "[i]n order to qualify as a demand or offer pursuant to this section, such demand must:"

> (1) Be in writing and sent by certified mail return receipt requested; and

> . . .

> (3) For wrongful death, personal injury, and bodily injury claims, be accompanied by . . . a list of employers if the claimant is seeking damages for loss of wages or earning, and written authorizations sufficient to allow the party, its representatives, and liability insurer if known to the claimant to obtain records from all employers and medical care providers[.]

"Awards of prejudgment interest are not discretionary; if the statute applies, the court must award prejudgment interest." *Child. Int'l*, 215 S.W.3d at 203. "However, the courts may also consider equitable principles of fairness and justice when awarding prejudgment interest." *Id.* (internal marks omitted) (quoting *Catron v. Columbia Mut. Ins. Co.*, 723 S.W.2d 5, 7 (Mo. banc 1987)). "The purpose of statutory prejudgment interest is to promote settlement of lawsuits and fully compensate plaintiffs by accounting for the time-value of money." *Id.*

## Point I

In her first point, Mason asserts that Mabie was required under section 408.040.3 to send a copy of her settlement offer to Farmers via certified mail, she failed to do so, and as

a result, Mabie was not entitled to prejudgment interest. We disagree, and find that when Mabie sent her settlement offer to defense counsel via certified mail, she effectively sent it to Farmers because defense counsel was Farmers's agent.

An insurer—such as Farmers—has a duty and right to defend its insured against claims covered by the insurance policy. *See McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 170 n.2 (Mo. banc 1999) ("We note that an insurer's obligation to defend is also a *right* to defend."). This duty/right to defend allows an insurer to control litigation against its insured, including directing the defense and negotiating and settling the claim. *See In re Allstate Ins. Co.*, 722 S.W.2d 947, 952 (Mo. banc 1987); *see also State ex rel. Kilroy Was Here, LLC v. Moriarty*, 633 S.W.3d 406, 417 (Mo. App. E.D. 2021) ("in Missouri 'an insurer, who is entrusted to defend a claim on behalf of the insured, acts in a fiduciary capacity'" and "where a third party is suing an insurer's policy holder, it is the insurance company's control over the claim that creates a fiduciary duty between insurer and insured"). The insurer may elect to exercise its control over the litigation through outside counsel that it retains to defend the insured. *See In re Allstate Ins. Co.*, 722 S.W.2d at 952-53.

In his role defending the insured, retained counsel is an agent of the insurer. "The principal agent relationship between an insurer and the attorney hired by the insurer to defend an insured is a clearly established principle of insurance law." *Vulgamott v. Perry*, 154 S.W.3d 382, 392 (Mo. App. W.D. 2004) (rejecting the insurer's argument that the settlement agreement between the claimant, insured, and insurer could not be enforced against the insurer due to the insurer not being present when the claimant and counsel for

the insured reached the settlement agreement). Indeed, the Missouri Supreme Court has held that "defense counsel retained by an insurance company actually represents both insurer and insured."[2] *In re Allstate Ins. Co.*, 722 S.W.2d at 952 (citing *Helm v. Inter-Ins. Exch. for Auto. Club of Mo.*, 192 S.W.2d 417, 420 (Mo. banc 1946)).[3]

Here, Farmers retained defense counsel to represent Mason against Mabie's wrongful death claim. In doing so, defense counsel became an agent of Farmers for the purposes of defending Mason in this lawsuit. Thus, defense counsel's receipt of Mabie's settlement offer via certified mail constituted receipt by Farmers. *See Brown as Tr. of*

---

[2] We acknowledge that when an insurer retains counsel for its insured, such counsel owes the insured certain duties. *See Arana v. Koerner*, 735 S.W.2d 729, 733 (Mo. App. W.D. 1987) ("The obligations of an attorney to his client are in no way abridged by the fact that an insurer employs him to represent an insured," and retained counsel "owes the insured the same obligation of good faith and fidelity as if the insured had retained the attorney personally and at his own expense." (internal marks omitted)), *overruled on other grounds by Klemme v. Best*, 941 S.W.2d 493, 496 (Mo. banc 1997). Retained counsel may not violate his duties to the insured for the benefit of the insurer. *See id.*; *see also In re Allstate Ins. Co.*, 722 S.W.2d at 953 ("If a conflict appears [between the interests of the insured and insurer], the lawyer, employed or retained, must immediately resolve it by terminating representation of one or both parties."). Mason does not argue that any conflict of interest prevented defense counsel from representing her and Farmers in the defense of this matter.

[3] The caselaw in other states varies concerning the nature and consequences of the "tripartite relationship" between an insurer, its insured, and insurer-retained counsel. While we decide this case based on the relevant Missouri caselaw, we note that courts in many other states have recognized that a lawyer hired by an insurance company to represent its insured, pursuant to a contractual duty to defend, has duties to both the insured and insurer, or may be considered to represent both the insured and insurer unless and until a conflict arises between them. *See, e.g.*, *Juneau Cnty. Star-Times v. Juneau Cnty.*, 824 N.W.2d 457, 466-67 (Wis. 2013); *Gafcon, Inc. v. Ponsor & Assocs.*, 120 Cal. Rptr. 2d 392, 404-05 (Cal. Ct. App. 2002); *Atlanta Int'l Ins. Co. v. Bell*, 475 N.W.2d 294, 297 (Mich. 1991); *Mitchum v. Hudgens*, 533 So. 2d 194, 198 (Ala. 1988); *Brinkley v. Farmers Elevator Mut. Ins. Co.*, 485 F.2d 1283, 1286 (10th Cir. 1973) (applying Kansas law); *Hartford Ins. Co. v. Koeppel*, 629 F. Supp. 2d 1293, 1298-1300 (M.D. Fla. 2009) (collecting cases that "reflect the view that a 'tripartite relationship' exists among the insurer, insured, and counsel, with both insurer and insured as co-clients of the firm in the absence of a conflict of interest").

*George E. Heard Revocable Tr. v. Barnes*, 641 S.W.3d 241, 247 n.3 (Mo. App. W.D. 2021) ("In agency relationships in general, notice to the agent while acting within the scope of his authority and with regard to any business over which his authority reaches, is notice to, or knowledge of, the principal."). Our determination that defense counsel was Farmers's agent is further evidenced by the fact that, even though Mabie mailed her settlement offer to defense counsel, Farmers received and rejected the offer.[4]

Mason challenges the existence of the agency relationship between defense counsel and Farmers, contending that in an agency relationship the principal must have the right to control the conduct of the agent, and "insurance companies cannot control the defense or the actions taken by their appointed counsel because the attorney owes a duty to the insured." Mason did not raise this argument before the trial court. Rather than deny the existence of the agency relationship between defense counsel and Farmers as she does now on appeal, Mason solely asserted in her motion to modify the judgment that Mabie's agency argument "ignore[d] the plain statutory language" of section 408.040. Even under *de novo* review, Mason may not raise arguments for the first time on appeal. *See Stacy v. Bar Plan Mut. Ins. Co.*, 621 S.W.3d 549, 567 (Mo. App. E.D. 2021) ("Although this Court exercises de novo review in appeals from summary judgment, parties may not raise arguments

---

[4] Mason asserts that Farmers's actual knowledge of the settlement offer is irrelevant under the holding of *Emery v. Wal-Mart Stores, Inc.*, in which the Missouri Supreme Court held that the plaintiff was not entitled to prejudgment interest because he did not send his settlement offer via certified mail, and the fact that the defendant nonetheless received the offer did not cure this lack of statutory compliance. 976 S.W.2d 439, 448-49 (Mo. banc 1998). But unlike *Emery*, here, Mabie sent her offer via certified mail and thus complied with section 408.040.3. We therefore do not highlight Farmers's actual knowledge of the settlement offer to excuse any statutory noncompliance, but as further support for the existence of the agency relationship between defense counsel and Farmers.

opposing the grant of summary judgment for the first time on appeal."). Accordingly, we do not address Mason's challenge to the existence of the agency relationship other than to reiterate our previous statement that the agency relationship between an insurer and counsel it retains for the insured "is a clearly established principle of insurance law." *Vulgamott*, 154 S.W.3d at 392.

For these reasons, we find Mabie complied with section 408.040.3 when she sent her settlement offer via certified mail, return receipt requested, to defense counsel. Point I is denied.

## Point II

In her second point, Mason asserts the trial court erred in awarding prejudgment interest "because [Mabie] did not comply with Section 408.040 in that she failed to attach a list of employers to the demand." We again disagree.

Section 408.040.3(3) requires that a settlement offer be accompanied by "a list of employers if the claimant is seeking damages for loss of wages or earning, and written authorizations sufficient to allow the party, its representatives, and liability insurer if known to the claimant to obtain records from all employers and medical care providers[.]" Mabie attached to her settlement offer an Employment Authorization form that listed the name and address of Decedent's sole employer. Mason does not assert that Mabie failed to provide her with the substantive information contemplated by the statute; her only quibble is with the format in which such information was provided, as Mason appears to argue that Mabie was required to provide a separate document titled "List of Employers" that contained the same information provided in the Employment Authorization—namely, the

identity of Decedent's employer. However, we do not read section 408.040.3(3) to require the "list of employers" be provided in any specific format. Mabie provided the employer information called for in the statute, and we find this compliant with section 408.040.3.

Point II is denied.

## Conclusion

The trial court's judgment is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

9