592 F.2d 466
 KNIGHTS OF COLUMBUS, a corporation, Appellee,
v.
Arthur M. WIRTZ, Virginia W. Wirtz, William W. Wirtz, and
Arthur M. Wirtz, Jr., Appellants.
KNIGHTS OF COLUMBUS, a corporation, Cross-Appellant,
v.
Arthur M. WIRTZ, Virginia W. Wirtz, William W. Wirtz and
Arthur M. Wirtz, Jr., Cross-Appellees.
 Nos. 78-1591, 78-1601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1979.
Decided Feb. 14, 1979.
 
 Jim J. Shoemake, St. Louis, Mo. (argued), and John W. O'Neil, Jr., of Guilfoil, Symington Petzall & Shoemake, St. Louis, Mo., on brief, for appellants Arthur M. Wirtz et al.
 J. L. Pierson of Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo. (argued), and Kathianne Knaup, St. Louis, Mo., on brief, for appellee Knights of Columbus.
 Before LAY, BRIGHT and STEPHENSON, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Arthur, Virginia, and William Wirtz, and Arthur M. Wirtz, Jr., (appellants) appeal from a judgment of the district court[1] in a bench trial directing them to pay the Knights of Columbus (Knights) the sum of $239,211.96, together with interest thereon from April 21, 1976 the date of the filing of the suit at the annual rate of six percent. Federal court jurisdiction rests upon diversity of citizenship and the requisite amount in controversy.
 
 
 2
 On this appeal the Wirtzes contend the district court erred in (1) failing to hold that the proceeds of the foreclosure sale satisfied their obligation to Knights under the terms of the deed of trust, and (2) denying the Wirtzes relief on their counterclaim. On cross appeal, Knights contend the district court erred in ordering that interest on the deficiency run from April 21, 1976, instead of from February 27, 1975, the date of default. We reject both appeals and affirm.
 
 
 3
 I. Factual Background.
 
 
 4
 On December 15, 1964, Knights conveyed certain real estate (the Frontenac Apartments) in the City of St. Louis to the Frontenac Realty Corporation (FRC). In exchange for the property, FRC transferred to Knights a promissory note in the principal sum of $3,375,000, secured by a deed of trust on the real estate. On behalf of FRC, William W. Wirtz, who with his father, Arthur M. Wirtz, organized FRC, executed both the note and the deed of trust.
 
 
 5
 Under the terms of the instruments, FRC was to pay Knights "fixed" interest at the annual rate of three and one-half percent and "additional" noncumulative interest of four and one-half percent per annum on the unpaid principal "to the extent of available net income" derived from the property, until payment in full of the principal sum.
 
 
 6
 On December 31, 1964, FRC conveyed the property by warranty deed to several appellants, and they recorded the deed on January 19, 1965. In acquiring the property, the Wirtzes assumed certain obligations under the deed of trust, for that instrument provides that covenants and agreements binding FRC shall become the obligations of any grantee of FRC by acceptance of a deed conveying the property.
 
 
 7
 After January 1, 1974, no payments of "additional" interest were made by the Wirtzes, and, after July 1, 1974, the Knights received no payment of any kind under the note or deed of trust. By reason of the default under the terms of the deed of trust, the trustee, St. Louis Union Trust Company, took possession of the real estate on February 27, 1975, and Knights purchased the property for $2,000,000 at a foreclosure sale held on March 27, 1975.
 
 
 8
 Knights thereafter brought this action on April 21, 1976, for a deficiency remaining due on the note and deed of trust after the foreclosure sale, and the Wirtzes counterclaimed for damages resulting from Knights' breach of various agreements. As already noted, the district court entered judgment against the Wirtzes for $239,211.96, together with interest at the rate of six percent per annum from the date of the filing of the suit, and denied relief on the counterclaim.
 
 
 9
 II. The Wirtzes' Claims.
 
 
 10
 The Wirtzes allege that under the deed of trust they became obligated only for unpaid accrued interest. They further claim that such obligation had been extinguished by the foreclosure sale because the trustee was required to apply, under the deed of trust, the proceeds from the foreclosure sale to the unpaid interest. Consequently, the trial court erred in failing to bar Knights' recovery of the alleged deficiency remaining due after the foreclosure sale.
 
 
 11
 Under the terms of the deed of trust, FRC covenanted and agreed to punctually pay, in addition to the principal, fixed interest and additional interest on the secured note to the extent of available net income from the property. The deed further provided that although the Wirtzes, by accepting a deed of warranty for the Frontenac Apartments from FRC, assumed FRC's covenants and agreement for payment of both principal and interest, such liability would be limited to the amount of income derived from the property.
 
 
 12
 As the district court aptly observed, the purpose of this provision of the deed of trust was to free grantees of personal liability for payment of principal or interest by limiting grantees' obligation to pay principal and interest to an amount not exceeding the income derived from the property.
 
 
 13
 We have reviewed the record and agree with the district court that, following the application of proceeds from the foreclosure sale according to the terms of the deed of trust, the Wirtzes remained liable for any deficiency of either principal or interest to the extent of income derived from the property and not paid to Knights. From January 1974 through February 27, 1975, the latter being the date when the trustee took possession of the property, the Wirtzes derived income in the amount of $239,211.96, none of which was paid to Knights. Although the proceeds from the foreclosure sale may have served to pay all of the unpaid accrued interest, the proceeds did not fully satisfy the principal remaining on the mortgage debt. Accordingly, we affirm the district court's order that Knights recover $239,211.96 from the Wirtzes.
 
 
 14
 III. Counterclaim.
 
 
 15
 In their counterclaim, the Wirtzes basically contend that Knights breached an oral agreement of September 1964 made with Arthur M. Wirtz to the effect that all net income derived from the property would be applied by Knights to reduce the principal of the deed of trust. Further, the Wirtzes claim that, because Knights breached certain understandings between the parties, the Wirtzes lost interest and tax deductions for depreciation of the mortgaged building and were not reimbursed for the cost of advertising the property's rental units. After examining the record, we agree with the district court's determination that the Wirtzes failed to sustain their burden of proof on the counterclaim, and we affirm the court's order denying any relief on the counterclaim.
 
 
 16
 IV. Cross-Appeal.
 
 
 17
 Mo.Ann.Stat. § 408.020 (1952) (Vernon) provides, in pertinent part, that:
 
 
 18
 Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made(.)
 
 
 19
 In actions for breach of contract, interest ordinarily accrues from the date of breach of contract or default, without a demand requirement. See Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361 (1941); Sabree v. Rosen, 374 S.W.2d 132, 140-41 (Mo.1964). Knights allege, in effect, that this case involves a breach of contract by the Wirtzes and that interest should run from February 27, 1975, the date of default.
 
 
 20
 We disagree. Knights' action to recover a deficiency remaining due after the foreclosure sale, for the purposes of Mo.Ann.Stat. § 408.020, appears to be a claim for moneys due and payable on account, I. e., the income derived from the property, rather than a liquidated claim under the contract. Under such circumstances, a demand was required to furnish a basis for determination of the amount owed Knights. See Slay Warehousing Co., Inc. v. Reliance Insurance Co., 489 F.2d 214 (8th Cir. 1974). Knights made no demand until it brought this action in April 1976.
 
 
 21
 Accordingly, we affirm the order of the district court in limiting the interest to run from the date of the filing of this suit.
 
 
 
 [1]
 The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri