**KENT D. KEHR, P.C., Plaintiff,**

**v.**

**Jack ARONOWITZ, Jeanette Aronowitz, and Jack Aronowitz as Trustee for his Minor Children, Defendants.**

**No. 87–297 C(2).**

United States District Court, E.D. Missouri, E.D.

Oct. 12, 1990.

Kent D. Kehr, Timothy E. Hayes, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiff.

Stefan J. Glynias, Thomas K. Lammert, Jr., Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, Chief Judge.

This matter is before the Court on plaintiff's request for prejudgment interest and attorney fees. The Court having previously found for plaintiff on the merits of its claim after a trial to the Court. (Memorandum and order April 16, 1990).

Plaintiff's action was for breach of the parties' "assignment of Sales Proceeds," when defendants refused to tender a portion of stock in Nuclear Silver Corporation which was obtained on November 23, 1983, in exchange for stock defendants held in Leon Industries. The Court found that the exchange of the stock for the shares of Nuclear Silver Corporation was a sale and that plaintiff was entitled to 2.17% of the proceeds of that sale. Under the circumstances of the case, the Court determined that plaintiff should be awarded the value of the stock rather than the shares themselves. The three defendants each owned a percentage of the Leon Industries stock, and the Court found that plaintiff was entitled to a judgment of $21,971.25 from Jack Aronowitz, $36,618.75 from Jeanette Aronowitz and $22,785.00 from Jack Aronowitz as Trustee for his minor children. The Court withheld issuing a final judgment, however, pending briefing by the parties on the issues of prejudgment interest and attorneys fees.

In Missouri prejudgment interest begins to accrue on written contracts when the money due under the contract becomes due, and on accounts after demand is made for payment. Mo.Rev.Stat. § 408.020

(1986). Plaintiff asserts that this is an action on a contract and that it is entitled to prejudgment interest from November 28, 1983, the date of the sale of the Leon Industries stock. Defendants, on the other hand, argue that any prejudgment interest is inappropriate because damages were not liquidated, but that if any prejudgment interest is due it can only be as of plaintiff's demand for payment.

Plaintiff's claim is for the value of stock that was received in exchange for the Leon Industries stock, it is not for Nuclear Silver Corporation Stock itself or for money that was received upon the sale of the Leon Industries stock. As such, the claim is more a claim for moneys due and payable on account rather than a liquidated claim under a contract. *See Knights of Columbus v. Wirtz*, 592 F.2d 466 (8th Cir.1979). As such, prejudgment interest cannot be awarded for the period before demand was made. This determination is in keeping with the purpose of awarding prejudgment interest which is to prevent a defendant from profiting from delays in litigation because defendant was not responsible for plaintiff's delay in demanding the stock. *See General Facilities, Inc. v. National Marine Service, Inc.*, 664 F.2d 672, 674 (8th Cir.1981). In fact, awarding prejudgment interest from the date of the sale would reward plaintiff for waiting to make the demand. The Court in reaching this conclusion notes that, while plaintiff is now seeking prejudgment interest from the date of the sale of the stock, it filed nothing to challenge the Court's determination in its previous order that interest could not begin to accrue prior to demand.

Defendants' attempt, however, to argue that the amount due was not ascertainable prior to the Court's determination of the amount due must fail. The factors upon which the Court based its determination of the value of the Nuclear Silver Corporation stock [1] were available at the time of demand. More importantly, it was the stock itself which was demanded and that was clearly available at the time.

The Court now finds that prejudgment interest is due from each defendant on the amount of judgment against that defendant from July 24, 1986, until the date of this order. Prejudgment interest will be at the statutory rate of nine percent per annum. Mo.Rev.Stat. § 408.020. The judgment against Jack Aronowitz is $21,971.25, thus, the interest on his obligation is $8,343.06 [2]. The judgment against Jeanette Aronowitz is $36,618.75, thus, the interest on her obligation is $13,905.09 [3]. The judgment against Jack Aronowitz, as Trustee for his minor children is $22,785.00, thus, the interest on this obligation is $8,652.06 [4].

Plaintiff also seeks legal fees in the amount of $37,952.28 [5]. The award of attorneys' fees is provided for in the parties' agreement. Plaintiff has supplied a copy of counsels' time and expense report. The rate per hour charged plaintiff varied from $70.00 to $120.00 per hour, and indicates that 368.3 hours were employed in preparation of the case, at trial, and in post-trial work.

Defendants challenge the fees as exorbitant. In support of their argument, defendants state that discovery was minimal in this case, that it was only a one day trial and their legal fees were only $18,290.00.

1. The Court based its determination on the percentages of stock owned by each defendant, the percentage of the loan remaining unpaid at the time of the sale, and the value of the stock as determined from the *National Stock Summary*.

2. The interest from the four years from July 24, 1986, until July 24, 1990, is $7,909.65 (4 × .09 × $21,971.25). The interest from July 24, 1990, until the date of this order is calculated at $5.42 per day (.09 × $21,971.25 × 1/365).

3. The interest from the four years from July 24, 1986, until July 24, 1990, is $13,182.75 (4 × .09 × $36,618.75). The interest from July 24, 1990, until the date of this order is calculated at $9.03 per day (.09 × $36,618.75 × 1/365).

4. The interest from the four years from July 24, 1986, until July 24, 1990, is $8,202.60 (4 × .09 × $22,785.00). The interest from July 24, 1990, until the date of this order is calculated at $5.62 per day (.09 × $22,785.00 × 1/365).

5. Plaintiff's legal fees were $38,222.80, however, plaintiff has reduced its request by $270.00 previously awarded and paid by defendants.

The Court is unpersuaded by this argument. The plaintiff bears the burden of proving his case including determining what theories of recovery will be argued. Thus, the preparatory work for a plaintiff can be far more extensive than for a defendant. In this case, defendant did not put any witnesses on the stand or introduce any exhibits into evidence, thus, it would not be surprising if defendants' counsel spent less time in preparation for trial.

The Court has carefully reviewed the time slips submitted by plaintiff's attorneys and the arguments presented by both parties and finds that the hourly rates are reasonable for the area and the quality of the work and that the work performed was necessary considering the factual and legal issues raised in the case. The Court will award plaintiff it attorney's fees of $37,952.80 against defendants. The amount charged to each defendant will be proportional to the amount of damages owed by that defendant; $10,247.26 to Jack Aronowitz, $17,078.76 to Jeanette Aronowitz, and $10,626.78 to Jack Aronowitz as Trustee for his minor children.

Plaintiff also seeks reimbursement of $505.15 in expenses. Defendants challenge expenses for air express delivery charges, $82.40, and for cab fare delivery of documents, $5.30. Plaintiff, in its reply, has provided no explanation for these charges, and the Court agrees that defendants need not bear the burden of plaintiff's need for expedited delivery of these items. The Court also questions counsel's charge of $62.50 for "voided check." The expenses requested by plaintiff will be reduced by $144.90, to reflect these items. The $360.25 in expenses remaining will be divided among the defendants, $97.27 to Jack Aronowitz, $162.11 to Jeanette Aronowitz, and $100.87 to Jack Aronowitz as Trustee for his minor children. Thus, the total fees and expenses to be charged to each defendant are, $10,344.53 to Jack Aronowitz, $17,240.87 to Jeanette Aronowitz, and $10,727.65 to Jack Aronowitz as Trustee for his minor children.

The Court has now resolved all the issues presented by this case, and an appropriate judgment will accompany this memorandum and will be entered by the clerk.

## JUDGMENT

In accordance with the memorandums filed this date and on April 16, 1990, and incorporated herein,

IT IS HEREBY ORDERED and ADJUDGED that plaintiff have judgment against defendant Jack Aronowitz in the amount of $21,971.25, plus interest of $8,343.06 and attorneys' fees and costs of $10,344.53 for a total of $40,658.84.

IT IS FURTHER ORDERED and ADJUDGED that plaintiff have judgment against defendant Jeanette Aronowitz in the amount of $36,618.75, plus interest of $13,905.09 and attorneys' fees and costs of $17,240.87 for a total of $67,764.71.

IT IS FURTHER ORDERED and ADJUDGED that plaintiff have judgment against defendant Jack Aronowitz as Trustee for his minor children in the amount of $22,785.00, plus interest of $8,652.06 and attorneys' fees and costs of $10,727.65 for a total of $42,164.71.