## LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF KANSAS CITY, MISSOURI, Respondent,

v.

## KANSAS UNIVERSITY ENDOWMENT ASSOCIATION, et al., Appellants,

Exceptions of Plaintiff and Defendant Parking Systems, Inc., d/b/a Mutual Garage.

No. 71923.

Supreme Court of Missouri, En Banc.

March 5, 1991.

Rehearing Denied April 9, 1991.

Lowell L. Smithson, Kansas City, for respondent.

Brian T. Meyers, Kansas City, for appellants.

HOLSTEIN, Judge.

Appellant Parking Systems, Inc. (PSI) was awarded judgment pursuant to a jury verdict in a condemnation proceeding. It appeals from the trial court's refusal to modify the judgment to add interest to the jury verdict at a rate higher than 6% per annum, the rate provided for in § 523.045.[1] PSI asserts the 6% rate provided for by statute violates both the state and federal constitutions. Because the validity of a statute is at issue, this Court has jurisdiction. Mo. Const. art. V, § 3. The judgment is affirmed.

Pursuant to Land Clearance For Redevelopment Authority's (LCRA) petition for condemnation, commissioners were appointed to assess the damages for the taking of two tracts in which PSI owned an interest. The commissioners' report was filed on September 13, 1985. It assessed damages on the two tracts at $1,200,000. That amount was deposited with the circuit clerk. Exceptions were filed by PSI. Thereafter, a jury trial was conducted and on April 7, 1989, a verdict was returned assessing damages at $2,000,000. When the trial court entered its judgment, interest was added on the $800,000 difference between the commissioners' assessment and the jury's assessment of damages at the rate of 6% per annum from September 13, 1985.

On April 20, 1989, PSI filed a "motion to amend judgment." For the first time, PSI alleged that the 6% interest provided for by § 523.045 violates the "just compensation" provisions of article I, § 26 of the Missouri Constitution and the fifth and fourteenth amendments of the United States Constitution. The motion asserted that § 408.040, allowing interest at 9% from the date of rendering any order or judgment of a court, represents the "true cost of money," and payment of a lower rate amounts to a taking without just compensation. The motion further stated that no rational basis exists for a distinction in the interest rates in the two statutes.

On July 13, 1989, the parties appeared for a hearing on post-trial motions. No evidence was offered in support of the motion to amend the judgment, although PSI's attorney made a brief argument. The trial judge was not asked to make and did not make any findings of fact or conclusions of law on the motion to amend the judgment. The trial judge mused, "This may be a good case to have determination of the constitutionality of the interest. It's a little confusing." His terse order stated, "The court overrules defendant's motion to amend judgment." LCRA appealed[2] and PSI cross-appealed. Only the cross-appeal was transferred to this Court.

1. Unless otherwise noted, all references to statutes are to RSMo 1986.

2. See *Land Clearance Redevelopment Authority v. Kansas University Endowment Assn, et al.*, 797 S.W.2d 495 (Mo.App.1990).

■ PSI raises a single point. While somewhat convoluted, the point seems to say that the judgment erroneously denied just compensation to PSI because the 6% rate is less than the actual cost of the loss of the use of the money from September 13, 1985, the date of the taking, until April 7, 1989, the date of the verdict. Intermingled with this claim is the assertion that PSI was denied equal protection of the law because the pre-judgment 6% rate of interest provided for by § 523.045 is less than the 9% rate of interest allowed following judgment by § 408.040.

The primary Missouri authorities relied on by PSI are *St. Louis Housing Authority v. Magafas*, 324 S.W.2d 697 (Mo.1959), and *Arkansas–Missouri Power Co. v. Hamlin*, 288 S.W.2d 14 (Mo.App.1956). Both cases were decided prior to the enactment of § 523.045. Indeed, the statute was in all likelihood a legislative response to *Magafas*. The two cases are not entirely supportive of PSI's position.

In *Arkansas–Missouri Power Co.* the court of appeals refused to award interest because the first mention of interest was in a motion to modify the judgment filed after the judgment became final. The court there noted that the landowner's "right to a jury determination of [the award of interest] may be asked for in an entirely informal manner.... However, a person may waive a right by failing to give notice (even though orally and informally) of his desire to assert it." *Arkansas–Missouri Power Co.*, 288 S.W.2d at 18.

In referring to *Arkansas–Missouri Power Co.*, this Court, in *Magafas*, had this to say: "[T]he court [of appeals] thoroughly considered the various aspects of the problem and concluded that the landowner (*if timely request is made therefor*) is entitled to recover interest (or damages for delay in payment), from the date of appropriation until the date of judgment upon the amount whereby the circuit court determination exceeds the award of the commissioners." *Magafas*, 324 S.W.2d at 699 (emphasis added). The claim for interest in *Magafas* was presented before the trial commenced. Thus, the Court affirmed an award of 6% interest on the difference between the amount of the commissioners' award and the amount of the judgment.

PSI's brief candidly admits that constitutional questions are deemed waived which are not raised at the first opportunity, consistent with good pleading and orderly procedure. *Callier v. Dir. of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989); *State v. Thompson*, 627 S.W.2d 298, 303 (Mo. banc 1982). However, PSI argues that the constitutional questions presented themselves only when judgment was entered on the verdict.

PSI relies on the somewhat dated authority of *Lohmeyer v. St. Louis Cordage Co.*, 214 Mo. 685, 113 S.W. 1108 (1908), for the proposition that a constitutional question may be raised for the first time in a post-trial motion. That case suggested that Missouri followed an "inherency doctrine" that in rare cases permitted a constitutional issue to be raised for the first time in a motion for new trial. The actual holding was that neglecting to assert the unconstitutionality of a statute prior to verdict and judgment amounted to a waiver of the claim. *Id.* at 1110. In addition, *Lohmeyer* has been overruled insofar as it relies on the inherency doctrine. *City of St. Louis v. Butler Co.*, 358 Mo. 1221, 219 S.W.2d 372, 380 (banc 1949).

PSI makes no claim that it was surprised by the trial judge's award of the statutory interest at the 6% rate. PSI gives no explanation why it could not have given some notice, either formal or informal, that it considered the interest rate provided by the statute to be insufficient to provide just compensation, or that it considered the 6% interest rate to be a denial of equal protection.

■ The purposes of the rule requiring that constitutional issues be raised at the earliest opportunity are to prevent surprise to the opposing party, and to permit the trial court an opportunity to fairly identify and rule on the issue. *Winston v. Reorg. Sch. Dist. R–II*, 636 S.W.2d 324, 327 (Mo. banc 1982). The issue of just compensation is a fact question. *United States v. 100 Acres of Land*, 468 F.2d 1261 (9th

Cir.1972). In addition, there are certain factual elements to be considered in determining if the statute amounts to a denial of equal protection of the law. In this particular case, PSI's failure to raise the issues at some stage of the proceeding during which facts might be properly introduced denied LCRA a fair opportunity to make an evidentiary response and denied the trial court a full opportunity to identify and rule on the issues. An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal. *Butler*, 219 S.W.2d at 376.

PSI also argues that there was evidence of the appropriate interest rate because expert witnesses, in testifying as to their methods of calculating the value of the property under the income capitalization method, made reference to the rate of interest on certain thirty-year federal securities. No claim was made at trial or in the post-trial motion that such evidence was proof of the actual economic value of the loss of the use of the money for the period of time in question. The trial court will not be convicted of error for failing to consider such evidence for the purposes suggested.

Consistent with the holding in *Arkansas–Missouri Power Co. v. Hamlin, supra,* we hold that PSI waived the right to raise the constitutional issues by failing to give timely notice of its intent to assert those issues.

Accordingly, the judgment is affirmed.

BLACKMAR, C.J., ROBERTSON, HIGGINS and COVINGTON, JJ., and SEILER, Senior Judge, concur.

RENDLEN, J., concurs in result.

BILLINGS, J., not sitting.