LAND CLEARANCE FOR REDEVELOP-
MENT AUTHORITY OF KANSAS
CITY, MISSOURI, Appellant,

v.

KANSAS UNIVERSITY ENDOWMENT
ASSOCIATION, et al., (Exceptions of
Respondent Parking Systems Inc.
["PSI"] d/b/a Mutual Garage), Respon-
dents.

No. WD 44913.

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Lowell L. Smithson, Jan P. Helder, Jr.,
Kansas City, for appellant.

Stephen G. Mirakian, Kansas City, for
respondents.

Before FENNER, P.J., and ULRICH and
SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Land Clearance For Redevel-
opment Authority of Kansas City (LCRA)
appeals from the order of the trial court
declining to enter satisfaction of judgment
in a condemnation action and assessing in-
terest due to respondent Parking Systems,
Inc. (PSI).

LCRA initiated condemnation against
certain property owned by PSI.[1] On Sep-
tember 13, 1985, the Condemnation Com-
missioner's Report was issued finding that
the fair market value of the subject proper-
ty was $1,200,000. LCRA paid this sum
into court and acquired the property.
LCRA and PSI both then filed exceptions
to the Commissioner's award and the mat-
ter proceeded to jury trial.

The jury determined the fair market val-
ue of the property to be $2,000,000. On
April 11, 1989, the trial court entered judg-
ment for PSI in the principal amount of
$800,000 representing the difference be-
tween the amount of the verdict and the

---

**1.** PSI actually had a 99 year lease on the proper-
ty. However, PSI purchased the landlord's in-
terest in the condemnation award. By stipula-
tion, PSI was considered the owner of the prop-

erty. *See, Land Clearance Redevelopment Au-
thority v. Kansas University and Endowment
Ass'n,* 797 S.W.2d 495, 496 (Mo.App.1990).

amount of the Commissioner's award. The trial court also awarded interest pursuant to § 523.045, RSMo 1986,[2] in the amount of 6% on the $800,000 difference, from the time of the Commissioner's Report, September 13, 1985. Both LCRA and PSI appealed the judgment of the trial court.

LCRA appealed unsuccessfully to the Court of Appeals, alleging a variety of trial court errors. *See, Land Clearance Redevelopment Authority v. Kansas University and Endowment Ass'n,* 797 S.W.2d 495 (Mo.App.1990). PSI appealed to the Missouri Supreme Court alleging that the 6% interest provided by § 523.045, was constitutionally inadequate.[3] *See, Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n,* 805 S.W.2d 173 (Mo. banc 1991).

In the PSI appeal, the Missouri Supreme Court held that PSI had failed to preserve its constitutional challenge to the rate of interest provided under § 523.045, *Id.* PSI moved for rehearing which motion was denied, on April 9, 1991. On April 15, 1991, PSI withdrew the additional $800,000 awarded, which sum had been previously paid into court by LCRA. On May 9, 1991, LCRA paid into court $171,484.93 which represented interest at the rate of 6% on the additional sum of $800,000 from the date of the filing of the Commissioner's report to the entry of judgment on April 11, 1989. LCRA requested that the court enter full satisfaction of PSI's judgment against LCRA.

The trial court declined to enter full satisfaction of the judgment against LCRA and ordered that PSI was entitled to post judgment interest on the total sum of $971,484.93 ($800,000 additional award plus $171,484.93 interest on said additional award from the time of the Commissioner's Report as allowed under § 523.045). The trial court directed that post judgment interest be allowed on the sum of $971,484.93 at the rate of 9% pursuant to § 408.040 from the date of judgment, April 11, 1989, until paid in full.[4] The trial court thereby directed that interest be allowed on the judgment at the rate of 9% during the pendency of the appeals.

LCRA's first point on appeal is dispositive. In its first point, LCRA argues that the trial court erred in ruling that interest was not suspended on PSI's judgment, on and after the April 11, 1989, judgment as a result of PSI's appeal of said judgment.

■■■ Where a judgment creditor appeals on grounds of inadequacy from a recovery in his favor and the judgment is affirmed, the judgment creditor is not entitled to interest pending the appeal. *Komosa v. Monsanto Chemical Company,* 317 S.W.2d 396, 398 (Mo. banc 1958). This construction applies equally to the general and special interest statutes and is justified when the judgment creditor, by his own act, delays and prolongs the proceedings and renders satisfaction of the judgment impossible. *Id.* The fact that both parties appeal does not entitle the judgment creditor to claim interest pending appeal when the judgment creditor claims to have been aggrieved by the judgment. *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis,* 234 Mo.App. 209, 115 S.W.2d 513, 517 (1938). Moreover, it has specifically been held that when a condemnee, as judgment creditor, takes an un-

---

**2.** All statutory references are to RSMO 1986, unless otherwise specifically stated.

**3.** § 523.045 provides, in pertinent part, that when an award under a Condemnation Commissioners' Report has been paid into court but is later superseded by a verdict in a larger amount, that the condemnee is entitled to have "interest on the amount by which such verdict exceeds the award, at the rate of six percent per annum from the date of filing the report ... added to the amount of the verdict."

**4.** Section 408.040 provides that interest is to be allowed on judgments from the day the judg-

ment is rendered to the day of satisfaction at the rate of 9% per annum, unless the parties have contracted for a different rate. LCRA argues that § 408.040 is not applicable in a condemnation case because § 523.045 specifically allows for interest at the rate of 6% from the time of the Commissioner's report in a condemnation action. There is no case found by this court that directly addresses the question of whether a condemnation award carries interest at the rate of 6% or 9% after the date of judgment until paid. However, it is not necessary to address that question under the facts of this case.

successful appeal to question the adequacy of an award, the condemnee is not entitled to interest during the period of his appeal. *Mayor, Councilmen and Citizens of City of Liberty v. Boggess*, 347 S.W.2d 247 (Mo. App.1961).

In the case at bar, PSI appealed from the judgment entered on April 11, 1989, which judgment was in the amount of $800,000 plus interest at the rate of 6%. In its appeal, PSI claimed that said 6% interest, as allowed under § 523.045, from the time of the Commissioner's Report, was constitutionally inadequate. PSI argued that the award was inadequate because it was entitled to a higher rate of interest. As stated previously herein, the Missouri Supreme Court ultimately denied the appeal finding that PSI had not timely challenged the constitutionality of § 523.045. *See, Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n*, 805 S.W.2d 173.

By virtue of PSI's appeal, LCRA was precluded from fully satisfying the judgment. PSI challenged the adequacy of the award by disputing the amount of interest due from the time of the Commissioner's Report to the date of judgment. PSI's appeal suspended interest on the judgment during the period of appeal and until PSI's appeal became final.[5] Since LCRA had paid the additional award of $800,000 plus interest on said additional award in the amount of $171,484.94 before PSI's appeal became final, LCRA is entitled to full satisfaction on the judgment without interest during the period of the appeal.

The judgment of the trial court is reversed and this cause is remanded with directions for the trial court to enter an order consistent with this opinion.

All concur.

---

**5.** Because PSI's appeal involved federal constitutional challenges to § 523.045, PSI had ninety days to petition for certiorari in the United States Supreme Court. 28 U.S.C. § 2101(c). The PSI appeal was therefore not final until ninety days after April 9, 1991, the date the Missouri Supreme Court denied rehearing on PSI's appeal. *See, Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n*, 805 S.W.2d 173.