**INVESTORS TITLE COMPANY,**
**Plaintiff–Appellant,**

v.

**CHICAGO TITLE INSURANCE COMPANY and Chicago Title and Trust Company, Defendants–Respondents.**

Nos. **ED 76232, ED 76296.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 2000.

Application for Transfer Denied
June 27, 2000.

Nelson L. Mitten, St. Louis, for appellant.

Alan C. Kohn, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

Investors Title Co. ("Plaintiff") appeals the trial court's denial of postjudgment interest for the time period from the date of the trial court's rendition of judgment until this court's affirmance of the judgment on the merits in *Investors Title Co. v. Chicago Title Ins. Co.*, 983 S.W.2d 533 (Mo.App. E.D.1998). We affirm.

### Procedural History

Plaintiff sued Chicago Title Insurance and Chicago Title Trust ("Defendants") for breach of contract. Chicago Title Insurance counterclaimed.[1] The case was bench tried. On April 7, 1997, the trial court entered judgment in favor of Plaintiff for the principal amount of $3,023,138.00, plus $1,177,394.00 in prejudgment interest. At this time, the court also ruled in favor of Chicago Title Insurance on its counterclaim and awarded it $618,921.53 in damages. This April 7, 1997, judgment will be referred to as the "original judgment."

Pursuant to Defendants' motion, on August 1, 1997, the trial court rendered an amended judgment, deleting the award of prejudgment interest to Plaintiff (hereinafter the "amended judgment"). Defendants filed their notice of appeal to this court on August 8, 1997. Plaintiff cross-appealed on August 11, 1997, claiming the trial court erred in denying prejudgment interest. On October 13, 1998, this court affirmed the trial court's amended judgment in all respects. *Investors Title*, 983 S.W.2d 533.

Plaintiff later sought postjudgment interest on the award under Section 408.040.1 RSMo. (1994) for the period from April 7, 1997, the date of the original judgment, to the date Defendants satisfied the judgment. The trial court denied Plaintiff postjudgment interest during the pen-

---

1. The facts of the underlying suit are irrele-vant to the issues in this appeal.

dency of the first appeal, holding that a judgment creditor is not entitled to interest pending its own appeal. However, the trial court awarded Plaintiff postjudgment interest for the period from October 13, 1998, the date of this court's affirmance of the amended judgment, until Defendants satisfied the principal amount of the amended judgment on March 22, 1999.

Plaintiff timely filed this appeal raising three points of error, all of which relate to the trial court's denial of postjudgment interest.

## Analysis

### I.

Two of Plaintiff's points of error challenge the trial court's refusal to award postjudgment interest during the period from August 11, 1997, the date on which Plaintiff filed notice of its cross-appeal, until October 13, 1998, the date on which this court affirmed the trial court's amended judgment.

■■■ Again, Plaintiff claims postjudgment interest pursuant to Section 408.040.1, which provides that "[i]nterest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property..." However, notwithstanding the wording of the statute, where a judgment creditor appeals on the ground of inadequacy from a recovery in his favor, and the judgment is affirmed on appeal, the judgment creditor is not entitled to interest pending such appeal. *Jesser v. Mayfair Hotel, Inc.*, 360 S.W.2d 652, 665 (Mo. banc 1962); *Land Clearance For Redevelopment Authority of Kansas City, Mo. v. Kansas Univ. Endowment Ass'n*, 831 S.W.2d 649, 650 (Mo.App. W.D.1992); *State ex rel. Southern Real Estate & Fin. Co. v. City of St. Louis*, 234 Mo.App. 209, 115 S.W.2d 513, 515–516 (1938). The reason for this rule is well stated by the court in *Southern Real Estate:* "[W]here it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court." 115 S.W.2d at 515.

In the case at bar, Plaintiff, the judgment creditor, appealed the adequacy of the trial court's amended judgment when it filed its cross-appeal claiming the trial court erred in denying it prejudgment interest. This court affirmed the trial court's amended judgment. Thus, this case falls squarely under the rule of *Southern Real Estate*, and Plaintiff is accordingly not entitled to interest pending its appeal.

Seeking to avoid this result, Plaintiff argues that *Jesser, Southern Real Estate,* and *Land Clearance* are wrongly decided and fail to account for the mandatory nature of the language of Section 408.040.1. On the contrary, the court in *Southern Real Estate* in interpreting Section 2841 RSMo (1929), an identically worded predecessor to Section 408.040.1, concluded that there was nothing in the language of Section 2841 that precluded its construction in harmony with the general rule that a party who unsuccessfully appeals from a judgment in his favor is not entitled to interest pending his appeal. *Id.* at 515. The court noted that in enacting Section 2841, the legislature was primarily concerned with compensating a judgment creditor for the judgment debtor's delay in satisfying the judgment pending appeal. *Id.* It concluded that the legislature did not contemplate the "unusual situation where it is the judgment creditor himself who appeals the case and is thereby responsible for the delay in its final termination." *Id.* at 515–516. Similarly, we see no inconsistency between the rule of *Southern Real Estate* and the language of Section 408.040.1.

█ Further, we presume that the legislature, in reenacting a statute in substantially the same terms, has adopted the previous construction given to the statute by the court of last resort, unless a contrary intent clearly appears from the statute. *U.S. Cent. Underwriters Agency, Inc. v. Manchester Life & Cas. Management Corp.*, 952 S.W.2d 719, 722 (Mo.App. E.D. 1997). The legislature reenacted Section 408.040.1 after our Supreme Court in *Jesser* ratified the *Southern Real Estate* court's interpretation of Section 2841. Thus, by enacting Section 408.040.1 with language mirroring that of the prior law, we presume that the legislature adopted the *Southern Real Estate* court's interpretation of the relevant language.

For the foregoing reasons, we find the reasoning of *Southern Real Estate* sound and adhere to its holding in this case.[2]

Plaintiff also argues that we should follow *Scullin Steel Co. v. PACCAR, Inc.*, 748 S.W.2d 910 (Mo.App. E.D.1988) and *Ohlendorf v. Feinstein*, 670 S.W.2d 930 (Mo.App. E.D.1984), two cases in which appealing judgment creditors were allowed to obtain postjudgment interest under Section 512.160(4) RSMo. (1994).[3] We decline to do so. Section 512.160(4), like Section 408.040.1, presumes that the judgment *debtor* will be the appealing party and does not appear to contemplate the situation where it is the judgment creditor who has appealed. The rule of *Southern Real Estate* is thus equally applicable to cases decided under Section 512.160(4). However, neither the *Scullin Steel* nor the *Ohlendorf* court mentions *Southern Real Estate* or its progeny and therefore do not dissuade us from the holding of *Southern Real Estate*.

Next, Plaintiff contends that the logic of *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105 (Mo. banc 1989)[4] should have some bearing on this case. *Martin* interprets Section 287.160.2, a provision of the Workers' Compensation Law allowing interest on workers' compensation awards. The *Martin* court, alluding to the mandatory nature of Section 287.160.2, held that a claimant is entitled to such interest, notwithstanding the fact that the claimant contested the amount of the original award on appeal. *Id.* at 112. However, *Martin* decides the narrow question of interest due on workers' compensation awards under a specific provision of the Workers' Compensation Law, a law clearly having no applicability to the case at bar. Further, the *Martin* court pointed out that cases regarding the payment of interest on ordinary civil judgments were inapplicable, because Martin was a case brought under the Workers' Compensation Law. We believe the converse to be true as well.

█ Plaintiff further asserts that it was Defendants' action in appealing and post-

---

2. We acknowledge that the logic of *Southern Real Estate* has been criticized in at least one case where the judgment debtor was the first to file his appeal. *Wisman v. Cleveland Ry. Co.*, 67 N.E.2d 5, 10 (Ohio Com.Pl.1945). The *Wisman* court noted that it cannot be said that the judgment creditor delayed payment of the judgment by filing a cross-appeal, having been made helpless by the appeal of the defendants. The court there held that the order in which the appeals were filed is of vital importance to the determination of the case and refused to adopt the holding of *Southern Real Estate*. However, unlike the *Wisman* court, we are bound to follow Missouri precedent, which makes clear that the order of appeals is not conclusive, and an appealing judgment creditor, whether he be first or last to the courthouse, cannot claim postjudgment interest. *Southern Real Estate*, 115 S.W.2d at 516.

3. Section 512.160(4) states, "Upon the affirmance of any judgment or order, or upon the dismissal of any case, the appellate court may award to the respondent such damages not exceeding ten percent of the amount of the judgment complained of as may be just, and when such judgment was rendered by the trial court, such part of said judgment shall bear lawful interest from the date of the rendition of the original judgment in the trial court."

4. *Martin* has been superseded by statute. *See Tidwell v. Kloster Co.*, 8 S.W.3d 585, 590 (Mo.App. E.D.1999).

ing an appeal bond that caused the delay in the payment of the judgment, not Plaintiff's filing of a cross-appeal. In making this argument, Plaintiff wrongly focuses on Defendants' acts, rather than on its own acts in delaying potential payment of the judgment. Regardless of Defendants' own appeal, Defendants could not have satisfied the judgment against them so long as Plaintiff's appeal was pending. *Land Clearance*, 831 S.W.2d at 651.

Finally, Plaintiff argues Defendants could have avoided paying postjudgment interest had they simply paid the principal amount of the judgment while the issue of prejudgment interest was pending on appeal. We disagree. Under such circumstances, Defendants could not have obtained a satisfaction of judgment as Plaintiff claims because, again, the judgment creditor's appeal renders full satisfaction of the judgment impossible. *Id.*

In sum, by filing its notice of cross-appeal, Plaintiff forfeited the right to claim postjudgment interest under the holding of *Southern Real Estate.* Accordingly, the trial court did not err in denying postjudgment interest for the period of time from the date Plaintiff filed notice of its cross-appeal until this court's affirmance of the amended judgment. Points denied.

## II.

In its final point on appeal, Plaintiff claims it is entitled to postjudgment interest during the period of time from April 7, 1997, the date of entry of the original judgment, to August 11, 1997, the date on which it filed its cross-appeal, because during this period, Plaintiff took no action to appeal or otherwise prevent satisfaction of the trial court's judgment. We are unpersuaded.

■ First, we note that under no circumstances would Plaintiff be entitled to interest back to April 7, 1997, the date on which the trial court entered its original judgment, because the original judgment quite simply is not the trial court's judgment. Rather, pursuant to former Rule 73.01(a)(5),[5] the trial court's judgment is the amended judgment entered on August 1, 1997.

■ Further, we disagree with Plaintiff's contention that because the trial court failed to put the label of "judgment" on its amended judgment, the amended judgment is not a judgment for purposes of appeal under Rule 74.01(a). The amended judgment is the judgment from which the parties took their first appeal. This court's affirmance of the amended judgment in the first appeal conclusively establishes pursuant to the doctrine of the law of the case that such judgment is final for purposes of appeal under 74.01(a). *See Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 546 (Mo.App. E.D.1998) (holding that implicit in the previous appellate court decision dismissing appeal for lack of a final, appealable judgment was the holding that trial court had jurisdiction to enter final judgment in the case, and thus the question of the trial court's jurisdiction was conclusively established for purposes of a second appeal). Thus, Plaintiff is not entitled to interest back to April 7, 1997, the date of the original judgment.

Moreover, assuming that Plaintiff is claiming entitlement to postjudgment interest for the ten-day period between the date the trial court rendered the amended judgment and the date on which Plaintiff filed notice of its cross-appeal, we find the claim meritless. In support of its case, Plaintiff emphasizes that the *Land Clearance* court stated that a judgment creditor is not entitled to interest *pending the appeal.* Plaintiff argues that from the date judgment was entered in this case until the date Plaintiff filed notice of its cross-appeal, its appeal was not *pending,* and thus it is entitled to interest for this period. This argument contorts the essential holding of *Land Clearance,* which is that a

5. Now Rule 78.07(c) (2000).

judgment creditor who appeals, thereby preventing a judgment debtor from satisfying the judgment against it, should not be entitled to claim postjudgment interest.

We have found no case expressly deciding an appealing judgment creditor's entitlement to interest for the short period of time from the rendition of judgment until notice of appeal. However, in all cases where postjudgment interest prior to affirmance is denied, it is denied in total, and no distinction is drawn between the time before and after the judgment creditor files its notice of appeal. If Plaintiff had not filed an appeal, it would be entitled to postjudgment interest back to the date of the amended judgment; however, because Plaintiff chose to appeal, it completely forfeited its right to claim postjudgment interest prior to affirmance. Point denied.

The judgment is affirmed.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.