William S. GOMEZ a/k/a Billy Gomez, Appellant,

v.

CONSTRUCTION DESIGN, INC., Respondent.

No. WD 64056.

Missouri Court of Appeals, Western District.

Nov. 30, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2005.

Application for Transfer Denied April 5, 2005.

See also 126 S.W.3d 366.

Candis L. Young, Kansas City, MO, for appellant.

Douglas N. Ghertner, Kansas City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

William Gomez appeals the judgment acknowledging full satisfaction of the trial court's award (prior judgment for damages resulting from personal injuries) of $2.76 million against Defendant Construction Design, Inc. (CDI) and releasing the supersedes bond filed by CDI to appeal the award. The Missouri Supreme Court affirmed the award following CDI's appeal and Mr. Gomez's cross-appeal. *Gomez v. Constr. Design, Inc.*, 126 S.W.3d 366 (Mo. banc 2004). The judgment provides for post judgment interest at the statutory rate of nine percent from the date of the Supreme Court's opinion affirming the remitted judgment in the sum of $2.76 million until the total sum was paid. Mr. Gomez claims that the trial court erred in determining when the statutory interest begins to run. He claims that the trial court erred in not compelling CDI to pay interest from the date the trial court entered its amended judgment for remitted damages on May 31, 2001, rather than from the date the Supreme Court affirmed the judgment of the trial court on January 13, 2004. The judgment of the trial court is affirmed.

### Facts

William Gomez filed his action against CDI for recovery of damages resulting from personal injuries. Following trial, the jury awarded Mr. Gomez $3.76 million in compensatory damages. The trial court denied CDI's motion for a new trial but sustained CDI's alternative motion for remittitur and reduced the jury's award to $2.76 million, which was accepted by Mr. Gomez in lieu of the court's granting a new trial. The court entered its amended judgment in the sum of $2.76 million against CDI and in favor of Mr. Gomez, and CDI appealed the judgment. Mr. Gomez filed his cross-appeal contending that the jury award of $3.76 million was not excessive and that the trial court erred in granting CDI's alternative motion to remit the verdict. The case was transferred to the Supreme Court, and the Court affirmed the trial court's judgment awarding $2.76 million to Mr. Gomez.

The parties disagreed as to the amount required to satisfy the award. CDI contended that the amount required to satisfy the judgment for damages included interest at the nine percent statutory rate ($680.55 per day) from January 13, 2004, the date the Supreme Court's decision affirming the judgment. Mr. Gomez asserted that the amount required to satisfy the judgment included interest at the statutory nine percent rate from May 31, 2001, the date the trial court entered its amend-

ed judgment remitting the jury award to $2.76 million. CDI claimed in its motion before the trial court that the denial of interest from January 13, 2004, until the judgment was satisfied would be legally correct because Mr. Gomez was unsuccessful in his cross-appeal challenging the reduction of the jury award from $3.67 million to $2.67 million.

The trial court granted CDI's motion and entered its Order and Judgment Acknowledging Full Satisfaction of Judgment and Releasing the Appeal Bond, effectively denying Mr. Gomez's request for post-judgment interest from May 31, 2001, until the date of full payment of the judgment. Mr. Gomez now appeals from the trial court's judgment awarding interest on the $2.67 million award from January 13, 2004, the date of the Supreme Court's affirming opinion and not from May 31, 2001, the date the trial court entered its judgment.

## Standard of Review

■■■ The trial court's decision in a court-tried case will be affirmed on appeal unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Appeal from the interpretation and application of a statute, however, involves a question of law, and review is *de novo. Psychiatric Healthcare Corp. of Mo. v. Dep't of Soc. Servs.,* 100 S.W.3d 891, 899 (Mo.App. W.D.2003). Whether section 408.040, RSMo 2000, allows a judgment creditor to recover post judgment interest from the date the judgment is entered where the judgment debtor appeals the judgment and the judgment creditor then appeals the remittur is a question of law. Thus, this court shall review the interpretation and application of section 408.040 independently of the trial court's determi-

nation without deference to its interpretation. *Lakin v. Gen. Am. Mut. Holding Co.,* 55 S.W.3d 499, 503 (Mo.App. W.D. 2001).

## Point One

■■ Mr. Gomez claims as his first point on appeal that the trial court erred in issuing its judgment acknowledging full satisfaction of the award and prior judgment for the injuries that he sustained as a result of CDI's negligence when it permitted statutory post judgment interest on the award from January 13, 2004, and not from May 31, 2001. He contends that his cross-appeal did not delay or prolong the litigation and revealed prior misrepresentations regarding available insurance coverage.

■■ Section 408.040.1, RSMo 2000, states:

Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

Notwithstanding that interest is allowed on all money due upon any court judgment or order from the day the judgment is entered until the judgment is satisfied, where a judgment creditor appeals on the ground of inadequacy from a recovery in his favor and the judgment is affirmed on appeal, the judgment creditor is not entitled to interest pending the appeal. *Jesser v. Mayfair Hotel, Inc.,* 360 S.W.2d 652, 665 (Mo. banc 1962); *Investors Title Co. v. Chicago Title Ins. Co.,* 18 S.W.3d 70, 72 (Mo.App. E.D.2000); *Land Clearance for*

*Redevelopment Auth. of Kansas City, Mo. v. Kansas Univ. Endowment Ass'n,* 831 S.W.2d 649, 650 (Mo.App. W.D.1992). The rationale for this rule is expressed in *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis,* 234 Mo.App. 209, 115 S.W.2d 513, 515 (1938):

[W]here it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court.

In *Investors Title Co. v. Chicago Title Insurance Co.,* Investors sued Chicago Title Insurance and Chicago Title Trust for breach of contract. 18 S.W.3d at 71. The case was tried without a jury, and the court entered judgment for plaintiff on its claim and for Chicago Title Insurance on its counterclaim. *Id.* The judgment was amended, and the defendants filed their notice of appeal. *Id.* Plaintiff filed its cross-appeal. *Id.* The amended judgment of the trial court was affirmed on appeal. *Id.* The trial court then declined to award post judgment interest from the date plaintiff filed its notice of appeal through the date on which the appellate court affirmed the original amended judgment. *Id.* at 71–72. Plaintiff appealed claiming that the trial court erred in not granting it post judgment interest for the time the case was on appeal because defendants first appealed the amended judgment and plaintiff only then filed its cross-appeal. *Id.* at 73–74. Plaintiff asserted that defendants' action in appealing and posting a supersedes bond caused the delay in the

payment of the judgment, not its filing of a cross-appeal. *Id.* In rejecting plaintiff's claim on appeal, the Eastern District stated, "Plaintiff wrongly focuses on Defendants' acts, rather than on its own acts in delaying potential payment of the judgment. Regardless of Defendants' own appeal, Defendants could not have satisfied the judgment against them so long as Plaintiff's appeal was pending." *Id.* at 74.

*Investors* is on point with this case. Like *Investors,* Mr. Gomez filed his cross-appeal dissatisfied with the adequacy of the judgment after CDI filed its notice of appeal. And like the plaintiff in *Investors,* Mr. Gomez's cross-appeal was unsuccessful. For the reasons stated in *Investors,* Mr. Gomez is held not to be entitled to interest on the judgment pending the disposition of his appeal as determined by the trial court. Point one is denied.

### Point Two

■ Mr. Gomez states as point two that the trial court erred in entering its judgment acknowledging full satisfaction of the remitted $2.67 million judgment plus interest from January 13, 2004, because his cross-appeal contesting the reduction of the jury's award was based on CDI's having committed fraud by not timely disclosing during discovery that insurance coverage included an additional two million dollar umbrella policy, thereby providing three million dollars in insurance coverage and not the one million dollar coverage previously stated in response to discovery. He did not learn of the additional two million dollars coverage until the remitted sum was accepted and judgment had been entered and CDI disclosed the additional coverage when it posted its supersedes bond following its filing of the notice of appeal. Mr. Gomez effectively asserts that CDI's failure to timely inform him of the total insurance coverage until

after the case had concluded before the trial court and CDI's notice of appeal had been filed warrants the imposition of sanctions. Thus, the remedy Mr. Gomez seeks for CDI's failure to timely disclose the total insurance coverage is not that the remitted judgment be set aside to permit him a new trial but is sanctions in the form of an amended judgment that grants interest at the statutory rate from the date the amended judgment was entered, May 31, 2001, until the judgment is paid.

Mr. Gomez's cross-appeal before the Supreme Court following the trial court's entry of the remitted judgment raised the issue that the trial court erred in granting CDI's motion for remittitur "because CDI committed fraud and deceived him and the trial court by not disclosing, in its response to interrogatories, an additional $2 million in insurance coverage until after the trial court entered its judgment." *Gomez*, 126 S.W.3d at 376. The Court noted that Mr. Gomez cited no evidence in the record that he was prejudiced by CDI's late disclosure of the actual insurance coverage. *Id.* Prejudice might have occurred, the Court noted, if inadequate disclosure of the insurance coverage affected a party's willingness to settle. *Id.* Prejudice might, therefore, have occurred to Mr. Gomez if CDI's failure to timely disclose the correct insurance coverage affected his decision to accept the remitted judgment. No evidence regarding prejudice to Mr. Gomez appears in the record before this court either. Presenting evidence of prejudice resulting from CDI's untimely disclosure of the actual insurance coverage may have necessitated asking the appellate court before which the appeal from the judgment was presented to remand the case to the trial court to conduct a hearing to elicit evidence of prejudice resulting to Mr. Gomez and for the trial court's determination of whether Mr. Gomez was preju-

diced. Because of the absence of evidence demonstrating prejudice, the record presents nothing for review. The point is denied.

■ Finally, CDI filed motions to dismiss Mr. Gomez's brief and appendix and his reply brief claiming that each attempts to raise arguments, assertions, inferences, matters, and references to the allegations raised for the first time on appeal that CDI committed fraud and deceived him by not disclosing additional insurance coverage in response to interrogatories until after the trial court granted remittitur of the jury's verdict and that the failure to timely disclose caused Mr. Gomez to challenge the inadequacy of the remitted judgment on appeal. CDI's motions are moot and are, therefore, denied.

The judgment of the trial court is affirmed.

HARDWICK, P.J., and NEWTON, J., concur.