**CADCO, INC., and Bankers National, Inc., d/b/a Imperial Homes, Inc., Plaintiffs/Appellants,**

v.

**FLEETWOOD ENTERPRISES, INC. and Fleetwood Homes of Texas, LP, Successor to Fleetwood Homes of Texas, Inc., Defendants/Respondents.**

No. ED 90027.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 29, 2008.

Application for Transfer to Supreme Court Denied March 10, 2008.

Application for Transfer Denied May 20, 2008.

John E. Toma, Jr., Melissa M. Zensen, Saint Louis, MO, for Plaintiffs/Appellants.

Mark G. Arnold, Saint Louis, MO, for Defendants/Respondents.

## SHERRI B. SULLIVAN, J.

### Introduction

CADCO, Inc., and Bankers National, Inc., d/b/a Imperial Homes, Inc. (collectively referred to as CADCO) appeal from the circuit court's grant of Fleetwood Enterprises, Inc., and Fleetwood Homes of Texas, LP's (collectively referred to as Fleetwood) Motion for Order of Satisfaction and denial of CADCO's post-judgment interest. We reverse.

*Factual and Procedural Background*

On May 19, 2005, a St. Louis County jury returned a verdict in favor of CADCO and against Fleetwood for actual and punitive damages. On September 28, 2005, the circuit court entered an amended judgment in favor of CADCO for $1,735,352.18, less $35,000 as an offset for a settlement received by CADCO from Coachman Homes, Inc. (Coachman), a co-defendant dismissed prior to trial, for a total judgment of $1,700,352.18.

Fleetwood appealed from the amended judgment. CADCO cross-appealed, arguing, in part, that the circuit court erred in offsetting the total award of damages by $35,000 to account for the settlement between CADCO and Coachman. On March 20, 2007, this court denied all of Fleetwood's points on appeal and granted CADCO's appeal on the offset issue. This court ordered the circuit court to modify its judgment by reinstating the $35,000 offset and enter judgment for CADCO in the amount of $1,735,352.18.

On May 30, 2007, Fleetwood filed a Motion for Order of Satisfaction pursuant to Rule 74.11(c)[1] and tendered the principal amount of the judgment of $1,735,352.18. On July 12, 2007, the circuit court granted Fleetwood's Motion for Order of Satisfaction and issued a judgment denying CADCO post-judgment interest. The circuit court found CADCO had appealed the adequacy of the judgment and was not entitled to post-judgment interest. CADCO appeals from the circuit court's judgment denying post-judgment interest.

*Points on Appeal*

In its first point, CADCO argues the circuit court erred in granting Fleetwood's Motion for Order of Satisfaction because CADCO has a statutory right to post-

---

1. All rule references are to Mo. R. Civ. P.2007, unless otherwise indicated.

judgment interest pursuant to Section 408.040,[2] in that CADCO did not waive its right to post-judgment interest by successfully appealing and obtaining reinstatement of the $35,000 offset deducted from the judgment by the circuit court.

In its second point, CADCO argues the circuit court erred in granting Fleetwood's Motion for Order of Satisfaction because CADCO has a statutory right to post-judgment interest pursuant to Section 408.040, in that Fleetwood waived its right to contest CADCO's entitlement to post-judgment interest by failing to raise the issue prior to issuance of the appellate court mandate and by agreeing to file a supersedeas bond in an amount sufficient to cover the post-judgment interest.

In its third point, CADCO argues the circuit court erred in granting Fleetwood's Motion for Order of Satisfaction because CADCO has a statutory right to post-judgment interest pursuant to Section 408.040, in that public policy dictates that a judgment creditor who successfully appeals from an erroneous ruling by the circuit court reducing its recovery should not be financially punished for bringing the appeal.

### Standard of Review

Whether Section 408.040 allows a judgment creditor to recover post-judgment interest where the judgment creditor appeals the adequacy of its recovery is a question of law. See *Gomez v. Construction Design, Inc.*, 157 S.W.3d 652, 654 (Mo.App. W.D.2004). Issues involving the interpretation of statutory language are questions of law which we review *de novo*. *Johnson v. BFI Waste Systems of North America, Inc.*, 162 S.W.3d 127, 128 (Mo. App. E.D.2005). We review the trial court's determination independently and without deference to that court's conclusions. *Id.* at 128.

### Discussion

First, CADCO argues the circuit court erred in granting Fleetwood's Motion for Order of Satisfaction because CADCO did not waive its right to post-judgment interest by successfully appealing and obtaining reinstatement of the $35,000 offset deducted from the judgment by the circuit court.

Section 408.040.1 provides, "Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property ... judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid."

In *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis et al.*, 234 Mo.App. 209, 115 S.W.2d 513, 515 (1938), the court explained that the underlying theory for allowing interest on money judgments is that the amount is due from the moment the judgment is entered and the judgment debtor is in default until the judgment is satisfied. Therefore, the judgment debtor is required to pay interest as compensation for the continued retention and use of the judgment creditor's money. *Id.* at 515. This is why a judgment debtor must give supersedeas bond to obtain a stay of execution pending his appeal and pay interest if the judgment is affirmed. *Id.* at 515. In regard to the judgment creditor's right to interest, *Southern Real Estate* held:

But where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor,

---

2. All statutory references are to RSMo 2005, unless otherwise indicated.

then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court.

*Id.* at 515.

CADCO argues *Southern Real Estate* and its progeny set forth two requirements to meet the exception to the statutory right to post-judgment interest: (1) the judgment creditor must appeal the adequacy of the judgment and (2) the judgment creditor must lose the appeal. CADCO contends the *Southern Real Estate* exception does not prevent it from seeking post-judgment interest because, in the first appeal, it neither appealed the adequacy of its recovery nor lost its appeal. Fleetwood argues *Southern Real Estate* and its progeny stand for the proposition that a judgment creditor who appeals or cross-appeals, whether or not the appeal is successful, cannot collect post-judgment interest because the appeal delays payment of the judgment and prevents the judgment debtor from obtaining a satisfaction.

First we address CADCO's contention it does not fit within the *Southern Real Estate* exception because *Southern Real Estate* requires the judgment creditor to lose its appeal and CADCO's appeal was successful. CADCO argues no Missouri case holds that a judgment creditor who successfully appeals the adequacy of its judgment waives the right to post-judgment interest. Fleetwood contends that while the relevant authorities were decided in the context of unsuccessful appeals by judgment creditors, affirmance is not necessary to terminate the right to post-judgment interest.

Section 408.040.1 provides interest shall be exacted on a judgment from the day the court renders it until the day the judgment is satisfied. *Southern Real Estate* sets forth the only exception to exacting statutory interest against the judgment debtor; that being, when the judgment creditor appeals the inadequacy of a judgment rendered in his favor then, if the judgment is affirmed, he is held not to be entitled to interest on the judgment pending the disposition of the appeal. See *Southern Real Estate*, 115 S.W.2d at 515. In the subsequent 70 years since *Southern Real Estate* was decided, several cases have denied a judgment creditor post-judgment interest when he or she unsuccessfully appealed the adequacy of the judgment. See *Fru–Con/Fluor Daniel Joint Venture v. Corrigan Brothers, Inc.*, 154 S.W.3d 330, 339 (Mo.App. E.D.2004); *Gomez*, 157 S.W.3d at 654–55; *Land Clearance for Redevelopment Authority of Kansas City, Mo. v. Kansas University Endowment Ass'n*, 831 S.W.2d 649, 650–651 (Mo.App. W.D.1992); *Jesser v. Mayfair Hotel, Inc.*, 360 S.W.2d 652, 665 (Mo. banc 1962) (court applied exception to statutory post-judgment interest where judgment creditor was successful on one issue on appeal but unsuccessful in its challenge to the adequacy of the monetary judgment). This line of cases is distinguishable from the case *sub judice;* here, the judgment creditor was successful in his appeal of the adequacy of the judgment. The parties have not cited, nor did this court find, any Missouri case denying a judgment creditor post-judgment interest when it successfully appealed the adequacy of the judgment in its favor.

CADCO does not fall within the established exception, as set forth by *Southern Real Estate* and its progeny, to awarding statutory post-judgment interest pursuant to Section 408.040. As such, the circuit court erred in granting Fleetwood satisfac-

tion and denying CADCO post-judgment interest.

We reject Fleetwood's contention that *Investors Title Co. v. Chicago Title Insurance Co.*, 18 S.W.3d 70 (Mo.App. E.D. 2000), extends the *Southern Real Estate* exception to include all cases where the judgment creditor merely files an appeal. See *Investors Title*, 18 S.W.3d at 74 ("by filing its notice of cross-appeal, Plaintiff forfeited the right to claim post-judgment interest under the holding of *Southern Real Estate*"). In *Investors Title*, the judgment creditor had *unsuccessfully* appealed the adequacy of the judgment. *Id.* at 71. When read as a whole, the *Investors Title* court does not purport to be extending the *Southern Real Estate* exception beyond the facts presented in the case.

Based on the foregoing, we hold that a judgment creditor who successfully appeals the adequacy of a judgment rendered in his favor is entitled to post-judgment interest pursuant to Section 408.040.1 pending disposition of the appeal. Point I is granted.

In light of our holding on CADCO's first point, we need not address CADCO's remaining points on appeal. Points II and III are dismissed as moot.

### Conclusion

The judgment of the circuit court is reversed.

MARY K. HOFF, P.J. and GEORGE W. DRAPER III, J., concur.