# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 10-6065

In re:                                    *
                                          *
Douglas R. Edwards;                       *
Saundra S. Edwards,                       *
                                          *
         Debtors.                         *
                                          *
Douglas R. Edwards;                       *    Appeal from the United States
Saundra S. Edwards,                       *    Bankruptcy Court for the
                                          *    Western District of Missouri
         Plaintiffs-Appellants,           *
                                          *
              v.                          *
                                          *
R.G. Edmondson, Trustee of the            *
Jewell Edmondson Testamentary Trust,      *
                                          *
         Defendant-Appellee.              *

Submitted:  March 15, 2011
Filed: April 12, 2011

Before KRESSEL, Chief Judge, SCHERMER, and NAIL, Bankruptcy Judges.

NAIL, Bankruptcy Judge.

Douglas R. Edwards and Saundra S. Edwards appeal the August 26, 2010 order of the bankruptcy court[1] allowing the claim of R.G. Edmondson, Trustee of the Jewell Edmondson Testamentary Trust.  We affirm.

BACKGROUND

On June 27, 2002, the Circuit Court of Barry County, Missouri entered judgment in favor of Edmondson, giving the Edwardses 30 days to "demolish, destroy, or remove" a pond and restore a stream bed to the conditions that existed prior to the Edwardses' construction of the pond.  If they failed to comply, the Edwardses were ordered to pay Edmondson a penalty of $50.00 per day.  The Edwardses appealed, and on August 15, 2003, the Missouri Court of Appeals affirmed the circuit court's judgment.[2]

On March 16, 2004, pursuant to Edmondson's "Amended Motion for Contempt" and the Edwardses' "Motion to Dissolve Preliminary and/or Permanent Injunction," the circuit court found the Edwardses to be in contempt of court and entered judgment in favor of Edmondson for $26,850.00 ($50.00 per day from July 27, 2002 through January 16, 2004) plus $50.00 per day from January 17, 2004.[3]  The circuit court awarded Edmondson attorney fees of $1,800.00.

On June 21, 2007, pursuant to the Edwardses' second "Motion to Dissolve Preliminary and/or Permanent Injunction," the circuit court again found the Edwardses to be in contempt of court and entered judgment in favor of Edmondson for

_____

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[2]The court of appeals' decision is reported at *Edmondson v. Edwards*, 111 S.W.3d 906 (Mo. App. S.D. 2003).

[3]The Edwardses subsequently paid the $26,850.00.

$59,500.00 ($50.00 per day from March 17, 2004 through June 20, 2007). The judgment, however, permitted the Edwardses to purge themselves of contempt by demolishing the pond by July 20, 2007.

On October 2, 2007, pursuant to Edmondson's "Motion for New Trial/Motion to Amend Judgment [P]ursuant to Missouri Civil Rule 78.04," the circuit court found the Edwardses had substantially complied with its June 21, 2007 judgment[4] and entered an amended judgment setting aside the $59,500.00 previously awarded to Edmondson. The circuit court awarded Edmondson attorney fees of $12,860.10 and litigation expenses of $709.23. Both Edmondson and the Edwardses appealed, and on April 3, 2009, the court of appeals: (1) reversed the circuit court's decision to set aside the $59,500.00 previously awarded to Edmondson; (2) remanded the matter to allow the circuit court to determine whether the Edwardses had complied with the circuit court's earlier orders to destroy the pond and restore the stream bed and, if so, the date on which that actually occurred; and (3) otherwise affirmed the circuit court's judgment.[5]

On September 21, 2009, in compliance with the court of appeals' directive, the circuit court found the Edwardses were in contempt from January 17, 2004 until July 20, 2007 (1,279 days) and entered judgment in favor of Edmondson for $63,950.00. The circuit court denied Edmondson's request for additional attorney fees and expenses incurred in connection with the second appeal and in preparation for the hearing following remand.

---

[4]The Edwardses began draining – but apparently did not "demolish, destroy, or remove" – the pond shortly before the July 20, 2007 deadline.

[5]The court of appeals' decision is reported at *Edmondson v. Edwards*, 280 S.W.3d 752 (Mo. App. S.D. 2009).

-3-

On December 4, 2009, the Edwardses filed a petition for relief under chapter 13 of the bankruptcy code. Edmondson filed a proof of claim for $104,799.41 secured by a judgment lien. The Edwardses filed an objection to Edmondson's claim, and on May 25, 2010, the bankruptcy court entered an order overruling their objection. The Edwardses did not appeal the bankruptcy court's order.

On March 10, 2010, Edmondson filed an amended proof of claim for $56,759.18 secured by a judgment lien. The Edwardses did not file an objection to Edmondson's amended claim. The bankruptcy court – with the consent of both Edmondson and the Edwardses – nevertheless received evidence and heard argument regarding the validity of Edmondson's amended claim in connection with the hearing on confirmation of the Edwardses' chapter 13 plan.

Specifically, the bankruptcy court heard the testimony of Attorney Donald Cupps, who represented Edmondson in the state court litigation outlined above, and received several exhibits, including, *inter alia*, a March 18, 2010 letter from Attorney Cupps to Attorney Kevin Checkett, who at the time represented the Edwardses in their chapter 13 case.[6] Attorney Cupps explained in detail – both on the witness stand and in his March 18, 2010 letter to Attorney Checkett – how he calculated the amount of Edmondson's claim. The Edwardses offered no contrary testimony and expressly declined to testify.

The bankruptcy court first reduced Edmondson's amended claim by $229.28, the amount of post-judgment interest that would have accrued after the Edwardses filed their chapter 13 petition, to arrive at the amount Edmondson was owed on the petition date. The bankruptcy court then determined Edmondson was entitled to post-petition interest on the reduced amount at the "local rule rate" pursuant to 11 U.S.C.

---

[6]Mr. Checkett has since been permitted to withdraw from further representation of the Edwardses in their chapter 13 case.

§ 506(b).[7]  On August 26, 2010, the bankruptcy court entered an order allowing Edmondson's amended claim in the amount of $56,529.90.  The Edwardses timely appealed.

## STANDARD OF REVIEW

We review the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error.  *See R & R Ready Mix v. Freier* (*In re Freier*), 604 F.3d 583, 587 (8th Cir. 2010) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)).

## DISCUSSION

The first issue the Edwardses raise on appeal is whether they should be permitted to submit for our consideration a variety of documents that were not offered to the bankruptcy court.  In general, "documents presented for the first time at the appellate stage of any proceeding are . . . not considered part of the record for review by the appellate court."  *Hartford Fire Ins. Co. v. Norwest Bank Minnesota* (*In re Lockwood Corp.*), 223 B.R. 170, 174 (B.A.P. 8th Cir. 1998) (citing *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989)).  An exception may be made in those rare cases in which the interests of justice demand it.  *Wendover Financial Services v. Hervey* (*In re Hervey*), 252 B.R. 763, 766 (B.A.P. 8th Cir. 2000) (citing *Dakota*

_____

[7]Local Rule 3084-1 E provides, "Filed and allowed oversecured claimants to whom § 506 applies shall receive their contract rate of interest . . . If the contract rate is not provided on the face of the proof of claim, such a claimant will receive the posted **"CHAPTER 13 RATE"** from the date of the petition forward."

Section 506(b) provides, "To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim[.]"

*Inds., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993); and *Lockwood*, 223 B.R. at 174 n.3). However, we do not believe this to be such a case. The Edwardses' unsubstantiated allegations of conspiracy, fraud, and malpractice are implausible and thus do not implicate the interests of justice.[8] Consequently, we will not enlarge the record on appeal by considering documents that were not offered to the bankruptcy court.

The Edwardses also raise a number of issues they did not raise in the bankruptcy court, *i.e.*, whether the attorney fees included in Edmondson's amended proof of claim should be allowed; whether the Edwardses should receive credit for a $3,937.62 payment Edmondson received from an unrelated third party in connection with his efforts to execute on his judgment; and whether the costs Edmondson incurred in executing his judgment and included in his amended proof of claim should be allowed.[9] "[I]ssues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *Hervey*, 252 B.R. at 767 (citing *Von Kerssenbrock Praschma v. Saunders*, 121 F.3d 373, 375-76 (8th Cir. 1997); *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983) (*per curiam*); and *Guy v. Danzig* (*In re Danzig*), 233 B.R. 85, 96 (B.A.P. 8th Cir. 1999), *aff'd*, 217 F.3d 620 (8th Cir. 2000)). An exception may be made in "*exceptional* cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice," *Kelley*, 713 F.2d at 427 (citations therein) (emphasis added); in cases in which "the resolution of the legal issues is beyond any doubt," *Hervey*, 252 B.R. at 768 (citing *Miller v. FEMA*, 57 F.3d 687, 689 (8th Cir. 1995); and *Thompson v. Brule*, 37 F.3d 1297, 1302 (8th Cir.

---

[8]To the extent the Edwardses' allegations have any merit, those allegations would need to be addressed in a different forum.

[9]As noted above, the Edwardses did not file an objection to Edmondson's amended claim. While their attorney stated on the record at the hearing on confirmation of the Edwardses' chapter 13 plan, "We think [Edmondson's amended claim was] incorrectly calculated for a number of reasons," the Edwardses shared only one of those reasons, which we discuss below, with the bankruptcy court.

1994)) (internal quotation marks omitted); and in cases in which the newly raised issue "involves a purely legal issue as to which additional evidence would not affect the outcome," *Krigel v. Sterling Nat'l Bank* (*In re Ward*), 230 B.R. 115, 119 (B.A.P. 8th Cir. 1999). Again, however, we do not believe this to be such a case. The Edwardses have not demonstrated how our not considering these issues will result in a miscarriage of justice or is otherwise inconsistent with substantial justice. The Edwardses have likewise not demonstrated these issues are purely legal or – to the extent they are legal – the resolution of these issues is beyond any doubt. Under the circumstances, "[t]he only injustice that would occur here is if we were to consider [these] arguments." *Hervey*, 252 B.R. at 768. Consequently, we will not consider issues that were not raised in the bankruptcy court.

The Edwardses do raise one issue they raised in the bankruptcy court, *i.e.*, whether Edmondson is entitled to the post-judgment interest he included in his amended proof of claim.[10] The bankruptcy court allowed the post-judgment interest that accrued prior to the filing of the Edwardses' chapter 13 petition. We agree with the bankruptcy court's conclusion.

Under Missouri law, "[i]n all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court *from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property*[.]" MO. REV. STAT. § 408.040.1 (2011) (emphasis added). With the exception of those judgments and orders that are premised on a contract that provides a higher rate, all such "judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid." *Id.* The purpose of the statute is to compensate a

---

[10]The Edwardses' attorney stated on the record at the hearing on confirmation of their plan, "[T]here are a number of cases . . . that indicate that you can't accrue interest until there is a sum certain in the judgment. And that if there is [*sic*] delays because of the judgment creditor's appeal, that there should be a moratorium, if you will, on interest."

judgment creditor for the judgment debtor's delay in satisfying the judgment. *Johnson v. BFI Waste Systems of North America, Inc.*, 162 S.W.3d 127 (Mo. App. E.D. 2005).

The Edwardses argue – without citing any authority – Edmondson is not entitled to post-judgment interest during the pendency of the parties' appeals to the court of appeals. We disagree.

On its face, § 408.040.1 does not make an exception for post-judgment interest that might accrue during the pendency of an appeal. However,

> where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court.

*State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis*, 115 S.W.2d 513, 515 (Mo. App. 1938).[11] This is "the *only* exception to exacting statutory interest against the judgment debtor[.]" *CADCO, Inc. v. Fleetwood Enterprises, Inc.*, 250 S.W.3d 376, 379 (Mo. App. E.D. 2008) (emphasis added).

In the first appeal, the Edwardses – the judgment debtors – appealed the circuit court's judgment, and the court of appeals affirmed that judgment. Edmondson is thus entitled to post-judgment interest during the pendency of that appeal. *Southern Real*

---

[11]The statute involved in *Southern Real Estate* was "an identically worded predecessor to Section 408.040.1." *Investors Title Co. v. Chicago Title Ins. Co.*, 18 S.W.3d 70, 72 (Mo. App. E.D. 2000).

*Estate*, 115 S.W.2d at 515 ("[W]hen the judgment debtor appeals [and] the judgment is affirmed by the appellate court . . . he must pay . . . all interest which has accrued from and after the date of entry of the judgment.").    In the second appeal, both Edmondson and the Edwardses appealed the circuit court's judgment.  Had the court of appeals affirmed the circuit court's decision to set aside the $50.00 per day penalty awarded to Edmondson, Edmondson would not have been entitled to post-judgment interest during the pendency of the appeal.  *Id.*  However, that is not what transpired. The court of appeals reversed that portion of the circuit court's judgment.  Edmondson is thus entitled to post-judgment interest during the pendency of that appeal as well. *CADCO*, 250 S.W.3d at 380 ("[A] judgment creditor who successfully appeals the adequacy of a judgment rendered in his favor is entitled to post-judgment interest pursuant to Section 408.040.1 pending disposition of the appeal.").

The Edwardses also argue – again without citing any authority – the circuit court's original judgment was not liquidated.  Again, we disagree.

It is true "[i]nterest is generally not allowed on unliquidated damages because the person liable does not know the amount he owes and thus cannot be in default for not paying." *Herberholt v. DePaul Community Health Center*, 648 S.W.2d 160, 162 (Mo. App. E.D. 1983).  However, in this case, the $50.00 per day penalty was liquidated.  On any given day between January 17, 2004 (when they owed $50.00) and July 20, 2007 (when they owed $63,950.00), the Edwardses knew – or should have known – the total amount of the penalty they owed Edmondson.

The Edwardses raise two final issues on appeal, *i.e.*, whether they will be held to the same rules of appellate procedure as attorneys and whether Attorneys Checkett, Rouse, and Cupps will escape prosecution from unspecified federal laws the Edwardses allege the attorneys violated.  We consider both these issues to be rhetorical, and the latter is clearly beyond our purview.  Consequently, we will not address them.

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's order allowing Edmondson's amended claim.

———————————————